MOUNTAIN STATES FINANCIAL
RESOURCES CORPORATION,
Plaintiff,

v.

Kris K. AGRAWAL, a/k/a K.K. Agrawal;
and Vimala Agrawal, a/k/a V. Agra-
wal, et al., Defendants.

No. CIV-91-839-C.

United States District Court,
W.D. Oklahoma.

Oct. 22, 1991.

Bruce F. Klein, Clemens Holshouser Pate & Klein, Oklahoma City, Okl., for Mountain States Financial Resources Corp.

Roger O. Housley, James E. Pence, Pence & Housley, Norman, Okl., for Kris K. Agrawal and Vimala Agrawal.

Reginald D. Gaston, Jamie J. McGraw, Dist. Atty., Cleveland County, Norman, Okl., for Cleveland County Bd. of County Com'rs and Cleveland County Treasurer.

## MEMORANDUM OPINION AND ORDER

CAUTHRON, District Judge.

### I.

Plaintiff, an assignee of the Federal Deposit Insurance Corporation (FDIC), filed this action against defendants on June 7, 1991. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The complaint sets forth five causes of action:

1. A suit for collection of a promissory note, No. 1026712, dated June 14, 1984, executed in favor of the American Exchange Bank and Trust Company of Norman, Oklahoma; [1]

2. A suit for collection of a promissory note, No. 1007734, dated September 1, 1983, executed in favor of the American Exchange Bank and Trust Company of Norman, Oklahoma;

3. A suit to foreclose certain mortgages securing note No. 1007734, describing certain real property in Cleveland County, Oklahoma;

4. A suit for collection of a promissory note, No. 1026380, dated June 7, 1984, executed in favor of the American Exchange Bank and Trust Company of Norman, Oklahoma; and

5. A suit to foreclose certain security interests in personal property collateral securing note No. 1026380.

### II.

On August 7, 1991, defendants Kris Agrawal and Vimala Agrawal (collectively referred to as "defendants") filed their Motion to Dismiss and their answer. The motion to dismiss alleges that plaintiff's first cause of action has already been litigated in state court and is in judgment. Therefore, defendants argue, the issues on the note described in plaintiff's first cause of action are res judicata, and cannot be relitigated here.

Defendants next argue that the statute of limitations has run on plaintiff's claims. The parties to the notes executed several deferrals, but in any event, defendants argue that the statute of limitations to bring an action on either of the notes is five years, that the limitations period on note No. 1007734 expired on February 2, 1991, and that the limitations period on note No. 1026380 expired on February 26, 1991.

Finally, defendants argue that Vimala Agrawal did not execute one of the mortgages described in plaintiff's third cause of action, and she should therefore be dismissed from that claim.

Plaintiff responded to the motion to dismiss on August 22, 1991. Defendants Board of County Commissioners of Cleveland County and Cleveland County Treasurer (Cleveland County) have not responded. The motion to dismiss is ready for determination.

### III.

■ A. Plaintiff's response to the motion to dismiss first argues that the motion was untimely filed and should be denied. Plaintiff argues that under Fed.R.Civ.P. 12(a), a defendant has only twenty days following service of summons in which to file a motion to dismiss. Plaintiff cites no authority for this argument. The Court finds the argument to be without merit. Rule 12(a) merely requires an *answer* to be filed within twenty days following service, but allows the time to be extended if a motion permitted under the rule is filed. Nothing in Rule 12(a) requires a motion to dismiss to be filed within twenty days of being served with summons.

■ B. Plaintiff next argues that pursuant to Rule 12(b), a motion to dismiss must be filed prior to a responsive pleading. Defendants' answer was filed on the same date as their motion to dismiss, and therefore, plaintiff argues, the motion to dismiss was not *prior* to the responsive pleading. The Court also finds this argument to be

---

1. American Exchange Bank and Trust Company of Norman, Oklahoma, was declared insolvent subsequent to the notes in this case being executed, and the FDIC was appointed as the defunct bank's receiver. On July 23, 1990, the FDIC assigned its interests in the notes, mortgages, and security interest to plaintiff.

without merit. Only those defenses raised by Rule 12(b) are required to be raised in or before a responsive pleading. Motions to dismiss for res judicata or because claims are time-barred by a statute of limitation are not necessarily precluded because they were filed subsequent to answering. In this case, the motion to dismiss was filed contemporaneously with the filing of the answer, and the answer contained, as defenses, all of the defenses raised in the motion to dismiss. The Court finds that defendants' motion to dismiss is timely.

C. Plaintiff next argues that its complaint sufficiently pleads a cause of action and must survive a motion to dismiss for "failure to state a claim." Defendants have not raised such a defense. Clearly the complaint states a cause of action and defendants do not assert otherwise. Therefore the Court need not consider plaintiff's arguments regarding the sufficiency of pleading in the complaint.

■ D. Plaintiff next reaches the substantive arguments of defendants' motion to dismiss. Plaintiff argues that the claims are not time barred, because a six-year statute of limitation period provided to the FDIC by 12 U.S.C. § 1821(d)(14)(A) governs, and the claims are therefore timely. The Court is compelled to note that there is also a question of whether defendants executed certain deferral agreements.[2] If they did, it is at least possible that the claims could have been brought within Oklahoma's five-year limitations period. It is not necessary to reach that question, however, as the Court finds that the six-year limitations period provided by § 1821(d)(14)(A) is controlling.

The relevant federal statute confers upon the FDIC a six-year limitations period which begins to run, in this case, on the date the FDIC became the receiver of the failed bank. *FDIC v. Hinkson*, 848 F.2d 432 (3d Cir.1988); *FDIC v. Farris*, 738 F.Supp. 444 (W.D.Okla.1989). In this case, the bank failed on August 20, 1987. The date the FDIC was appointed receiver is not made known to the Court, but it obviously cannot be earlier than August 20, 1987. Assuming receivership commenced on the same date as the bank failed, the statute of limitations expires for these claims on August 21, 1993.

Defendants argue that the six-year limitations period applies only to actions brought by the FDIC, not the FDIC's assignees. Defendants offer no authority for this argument, other than their plain reading of the statute. They do not dispute that had the FDIC brought the action, the six-year limitations period would apply. An assignee stands in the shoes of the assignor, and acquires all of the assignor's rights and liabilities in the assignment. This general principle and a strong public policy require that the FDIC's assignee acquire the six-year limitations period provided by § 1821(d)(14)(A). *See D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942); *Porras v. Petroplex Sav. Ass'n*, 903 F.2d 379 (5th Cir.1990); *FDIC v. Wood*, 758 F.2d 156 (6th Cir.1985); and *FDIC v. Newhart*, 713 F.Supp. 320 (W.D.Mo.1989), *aff'd*, 892 F.2d 47 (8th Cir.1989). Thus, defendants' argument that claims against them on the notes are time-barred is without merit.

■ E. Finally, plaintiff argues that Vimala Agrawal should not be dismissed from liability on one of the mortgages at issue in the third cause of action. Three mortgages were executed and given to the bank as security for note No. 1007734. The mortgage central to defendants' argument is referred to by plaintiff as "Mortgage II," and was executed and delivered to the bank on September 1, 1983. Defendants argue that because Vimala Agrawal

---

**2.** Defendants' motion to dismiss states that certain deferral agreements are marked "void" on their face, some are unsigned, and another has a questionable signature. Plaintiff argues in its response that the facts and circumstances surrounding the deferral agreements are within defendants' knowledge. The Court interprets this statement as meaning plaintiff does not agree with defendants' interpretation of the validity of the deferral agreements. Therefore a question of fact is present concerning the validity of the deferral agreements, the resolution of which would determine when the limitations period began to run under the five-year Oklahoma limitations period.

did not sign the mortgage, her interest in the property cannot be foreclosed. Plaintiff's response to this argument is not exactly clear. Plaintiff states that the three mortgages were executed to secure the same note, and that Kris Agrawal signed the second mortgage as "a married person."[3] Apparently Vimala Agrawal's signature appears on the first and third mortgages, but not the second. The real property description in the mortgages appear to be the same.

Defendants' argument is based on the Oklahoma Statute of Frauds, Okla. stat. tit. 15 § 136, which requires a party's signature to an agreement granting an interest in real property before the party may be held to the agreement.[4] But Vimala Agrawal's signature does appear on two of the mortgages, both of which, according to the complaint, were executed and recorded *after* the mortgage which does not bear Vimala's signature. Therefore the Court will not dismiss defendant Vimala Agrawal from the third cause of action, and defendants' motion in this regard is denied.

## IV.

All that remains to be addressed is defendants' first argument, that the note on which plaintiff's first cause of action is based has been litigated to judgment in state court. This issue has not been addressed by plaintiff. Indeed, plaintiff's response makes no mention whatsoever to defendants' argument in this regard. An examination of the exhibits to defendants' motion to dismiss shows that on July 3, 1986, in case number C–86–276–M then pending in the Cleveland County District Court, the American Exchange Bank and Trust Company of Norman, Oklahoma, sought summary judgment against Kris Agrawal on note number 1026712, executed on June 14, 1984.[5] Another exhibit to de-

fendants' motion is a copy of a court minute entered on August 15, 1986, in case number C–86–276–M, granting partial summary judgment to the bank according to a journal entry of judgment. But the journal entry of judgment is not attached as an exhibit, and the minute order only refers to "partial summary judgment." It is not clear to this Court that the issues presented by plaintiff's first cause of action were litigated to judgment in state court, and that the parties to this action, or their assignees, are the same parties who were present in the state court action.

The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *May v. Parker–Abbott Transfer & Storage, Inc.,* 899 F.2d 1007 (10th Cir.1990). 28 U.S.C. § 1738 gives statutory effect to the United States Constitution's full faith and credit clause, and requires federal courts to honor state court judgments. If the state court claim that was litigated to judgment is the same claim asserted by plaintiff in the instant cause, the doctrine of res judicata would bar the first cause of action. But if the claims are different, or not fully adjudicated, res judicata may not apply. On the pleadings before the Court, it cannot grant defendants' motion.

However, defendants are invited to reassert their argument, should they feel it appropriate, by way of a motion for summary judgment, documented with certified copies of the state court pleadings necessary to establish that the claims are indeed the same, and have been taken to judgment in the state court.

3. Complaint, ¶ 15.

4. Okla. stat. tit. 15 § 136 provides in pertinent part:
The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent:

....
5. An agreement for ... the sale of real property, or of an interest therein....

5. During the pendency of this state court action, the FDIC was substituted as plaintiff in place of the defunct bank.

**1554**

## V.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is in all respects DENIED.

IT IS SO ORDERED.