**EKA LIQUIDATORS, Appellant,**

v.

**Troy D. PHILLIPS, Appellee.**

**No. 05–92–02407–CV.**

Court of Appeals of Texas, Dallas.

June 16, 1993.

Rehearing Denied July 30, 1993.

Thomas M. Harlan, Alvin, for appellant.

Richard E. Young, Dallas, for appellee.

Before BAKER, BURNETT and WHITTINGTON, JJ.

## OPINION

BAKER, Justice.

The issue in this case is whether the Texas four year statute of limitations or the federal six year statute of limitations applies to guaranties executed by Troy D. Phillips. The trial court granted Phillips summary judgment on the basis that the Texas four year statute applied. EKA appeals, contending the trial court incorrectly applied the law and that the federal six year statute applies. We affirm.

### THE BACKGROUND FACTS

Phillips signed two guaranties, one for each of two notes. The maker of one note defaulted on August 11, 1986. The payee bank failed on September 25, 1986. The FDIC took over the bank and the notes. The maker of the other note defaulted on June 17, 1987. The FDIC assigned the notes and Phillips's guaranties to EKA on June 28, 1991.

### PROCEDURAL BACKGROUND

EKA sued Phillips on his guaranties on August 9, 1991. Phillips moved for summary judgment. He asserted the Texas four year statute of limitations barred the action against him. *See* Tex.Civ.Prac. & Rem.Code Ann. §§ 16.004(a)(3), 16.051 (Vernon 1986).

EKA responded to Phillips's summary judgment. EKA asserted that it, as the FDIC's assignee, had the benefit of the federal six year statute of limitations. *See* 12 U.S.C. § 1821(d)(14) (1989).

The trial court granted Phillips a summary judgment based on the Texas four year statute of limitations.

## STANDARD OF REVIEW

The standards of review of the trial court's grant of a summary judgment are well known. We need not reiterate them here. *See* Tex.R.Civ.P. 166a(c); *Central Sav. & Loan Ass'n v. Stemmons NW Bank*, 848 S.W.2d 232, 237 (Tex.App.—Dallas 1992, no writ). The facts are not in dispute. Accordingly, this is a proper case for a summary judgment. *See Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 563 (1962).

## THE PARTIES' CONTENTIONS

EKA argues the trial court erred in applying the Texas four year statute of limitations and holding that the federal six year statute of limitations did not apply. EKA relies on *Thweatt v. Jackson*, 838 S.W.2d 725 (Tex. App.—Austin 1992, writ granted) (op. on reh'g), to support its position that an assignee of a note or guaranty from the FDIC has the benefit of the federal six year statute of limitations. *See also Mountain States Financial Resources Corp. v. Agrawal*, 777 F.Supp. 1550 (W.D.Okla., 1991).

Phillips contends the right to assert the federal statute of limitations is not an assignable right. Phillips relies on this Court's recent decision in *Federal Debt Management, Inc. v. Weatherly*, 842 S.W.2d 774 (Tex.App.—Dallas 1992, writ granted), in support of his position. In *Weatherly*, we held that the federal six year statute of limitations was not an assignable right. We applied the Texas four year statute of limitations.

We again decline to follow *Thweatt* and adhere to our decision in *Weatherly*. We overrule EKA's point of error.

We affirm the trial court's judgment.