**EKA LIQUIDATORS, Petitioner,**

v.

**Troy D. PHILLIPS, Respondent.**

No. D–4157.

Supreme Court of Texas.

March 9, 1994.

See also 883 S.W.2d 218.

Thomas M. Harlan, Alvin, for petitioner.

Richard E. Young, Marc S. Culp, Dallas, for respondent.

**PER CURIAM.**

This case presents the question resolved today in *Jackson v. Thweatt,* 883 S.W.2d 171 (Tex.1994). Because the decision of the court of appeals, 883 S.W.2d 218, conflicts with our holding in *Jackson,* we reverse the judgment of the court below and remand the cause to the trial court for further proceedings.

Troy Phillips guaranteed two notes payable to the Heritage National Bank maturing in August 1986 and June 1987, respectively. The notes went into default on maturity, obligating Phillips on his guaranty. The FDIC acquired the notes as receiver for Heritage National Bank in September 1986, later assigning them to EKA Liquidators ("EKA"). After EKA brought suit on the notes in August 1991, Phillips moved for summary judgment based on the Texas four year statute of limitations. *See* Tex.Civ.Prac. & Rem.Code § 16.004. The trial court granted summary judgment for EKA, and the court of appeals affirmed, concluding that assignees of promissory notes from the FDIC are not entitled to the benefit of the six year limitations period applicable to the FDIC. *See* 12 U.S.C. § 1821(d)(14).

We held today in *Jackson* that an assignee of a promissory note from the FDIC does receive the benefit of the special limitations provision set forth in section 1821(d)(14). Accordingly, without hearing oral argument, a majority of the Court reverses the judgment of the court of appeals and remands the

cause to the trial court for further proceedings.