FOGG, Judge.
In this writ, defendant seeks review of the overruling of her exception of prescription.
This is a suit for a balance due on a promissory note dated January 9, 1985, and *809 executed by Dixon-Osborne Construction, Inc. (Dixon) in the amount of $19,450 plus interest and attorney’s fees. The note was made payable to Livingston Bank and guaranteed by the defendant, Jo Ann O. Beychok.[1] Payments on the note were to be made monthly, beginning on February 8, 1985; the note also provided that failure to pay any installment when due would make all the remaining installments immediately due without demand or notice at the holder’s option. On March 16, 1989, the Federal Deposit Insurance Corporation (FDIC) was named as receiver for the Livingston Bank and on June 1, 1992, the FDIC (in its corporate capacity) assigned the note and guarantee to the plaintiff, NSQ Associates (NSQ). No payments were ever made on the note. NSQ filed suit against Beychok on February 16, 1993.
Beychok responded with a peremptory exception of prescription. The trial court overruled the exception, and from this judgment, Beychok filed an application for supervisory writs. This court issued a writ of certiorari to decide the applicable prescriptive period for a private transferee or assignee of the FDIC.
Beychok contends that La.C.C. art. 3498 is applicable. La.C.C. art. 3498 provides for a five-year prescriptive period for actions on promissory notes, which commences to run from the day payment is exigible. While the note was in the hands of Livingston Bank, it was subject to the five-year prescriptive period of La.C.C. art. 3498; when the note became due upon Dixon’s default on February 8, 1985, Livingston Bank’s cause of action accrued and it would have prescribed in 1990.
However, when the FDIC was appointed the receiver of 1 ^Livingston Bank and acquired the note,[2] the applicable prescriptive period was that of 12 U.S.C.A. § 1821(d)(14), which provides the statute- of limitations for actions brought by the FDIC as a conservator or receiver. 12 U.S.C.A. § 1821(d)(14) states:
(A) In general
Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation [FDIC] as conservator or receiver shall be—
(i) in the case of any contract claim, the longer of—
(I) the 6-year period beginning on the date the claim accrues; or
(II) the period applicable under State law; ...
(B) Determination of the date on which a claim accrues
For purposes of subparagraph (A), the date on which the statute of limitation begins to run on any claim described in such subparagraph shall be the later of—
(i) the date of the appointment of the Corporation as conservator or receiver; or
(ii) the date on which the cause of action accrues.
Under this law, the statute of limitations began to run on March 16, 1989, the date of the appointment of the FDIC as receiver, which is later than the date on which the cause of action accrued, February 8, 1985. 12 U.S.C.A. § 1821(d)(14)(B). The six year period within which to file suit on the notes ends on March 16,1995, which is longer than the period applicable under state law. NSQ’s suit is timely only if the right to claim the benefit of this six-year period was transferred to NSQ when the FDIC assigned it the note.
The six-year statute of limitations does not mention the rights of the FDIC’s assignees. We agree with the reasoning in the case of WAMCO, III, Ltd. v. First Piedmont Mortgage Corp., 856 F.Supp. 1076 (E.D.Va.1994), which involved the transfer of a note to a private assignee by the Resolution Trust Corporation (RTC), an entity having the same rights and powers as the FDIC. The *810 court in WAMCO held that the right to claim the benefit of the federal six-year period of limitations under 12 U.S.C.A. § 1821(d)(14) is not transferred from the RTC to a private assignee of a note. TheLstatute itself states that it applies in actions brought by the FDIC as conservator or receiver; it would not apply to actions brought by the FDIC in its corporate capacity, rather than in its capacity as a receiver. Thus, the statute confers a benefit which is personal to the FDIC when it institutes an action as a receiver, and the benefit conferred by the statute is explicitly tied to the status of the entity on which it is conferred. WAMCO, 856 F.Supp. at 1086.
Under Louisiana law at the time of the transfer of this instrument and at the time suit was filed, the transfer of an instrument generally vests in the transferee such rights as the transferor has. La.R.S. 10:3-201.[3] However, although a transferee obtains all of his transferor’s rights, it is a fundamental principle of the Uniform Commercial Code (upon which La.R.S. 10:3-201 was based) that the transferee does not obtain the transferor’s status. See WAMCO, 856 F.Supp. at 1087. The transfer of a note operates simply to transfer the rights which the FDIC has in the note and nothing operates to make a statute of limitations an incident of the note which is transferable. Because Congress in plain language made the six-year statute of limitations applicable only to the FDIC acting as a receiver or conservator, the statute of limitations under 12 U.S.C.A. § 1821(d)(14) is a personal right not transferrable to assignees. WAMCO, 856 F.Supp. at 1088. Accordingly, NSQ did not acquire by assignment a right conferred upon the FDIC solely in its status as receiver and clearly personal to it when, acting in that status, it files an action. See WAMCO, 856 F.Supp. at 1088. The FDIC as receiver did not institute this action, and thus, the six-year statute of limitations does not apply.
We recognize that there are valid policy considerations for interpreting this federal statute otherwise, but that is a matter |sfor Congress, not for the courts, where, as here, Congress has spoken plainly to confer a benefit on a particular entity functioning in a particular status. We also recognize that most federal and state courts have held that an assignee of the FDIC enjoys the benefits of the federal six-year statute of limitations; however, we are not bound by those decisions.[4]
Therefore, the applicable prescriptive period in this case is five years as provided in La.C.C. art. 3498, and the trial court incorrectly overruled Beyehok’s exception of prescription. For these reasons, we grant the writ, sustain the exception of prescription, and dismiss the action against Beychok with prejudice. Costs of this writ to be paid by NSQ.
WRIT GRANTED AND MADE PEREMPTORY; REVERSED AND RENDERED.
PARRO, J., concurs.
GONZALES, J., concurs in the result.

. Although Beychok's first name is set forth as “Joanne" throughout the pleadings, according to the signature on the guarantee, her first name is "Jo Ann.”

. The state prescriptive period had not yet expired when the FDIC acquired the note. Had it done so, the transfer to the FDIC could not have revived an already stale cause of action. FDIC v. Bledsoe, 989 F.2d 805 (5th Cir.1993).

. The present statute governing the rights acquired by transfer of an instrument is La.R.S. 10:3-203, which is based on former La.R.S. 10:3-201 and which states that "[t]ransfer of an instrument ... vests in the transferee any right of the transferor to enforce the instrument”; the new statute was effective January 1, 1994. Acts 1992, No. 1133, § 3.

. While those courts refer to the D'Oench, Duhme doctrine to support their reasoning, nothing in D'Oench, Duhme directly supports the rationale. Under D’Oench, Duhme, secret agreements cannot be raised as a defense against the government when it seeks to enforce a note, and assignees are also not subject to defenses based on secret agreements. D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). Statutes of limitations cannot be classified as undisclosed agreements.