REMINGTON INVESTMENTS, INC., Plaintiff,

v.

Michael A. KADENACY, Steven A. Schwaber, Sanford L. Frey, Karen Pullian, and David Seror, Defendant.

No. CV 96–0450 LGB (JRx).

United States District Court, C.D. California.

April 23, 1996.

As Amended May 22, 1996.

---

James Autrey of Washor & Associates appeared for the moving parties, defendants Sanford L. Frey and David Seror.

Defendant Steven A. Schwaber appeared pro se. Appearing for plaintiff was Tony Briggs of Brewer & Brewer.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

BAIRD, District Judge.

### I. INTRODUCTION

The motion of defendants Sanford L. Frey and David Seror to dismiss plaintiff's complaint came on regularly for hearing on April 29, 1996. Having considered all pertinent papers and the arguments of counsel, the Court hereby ORDERS that defendants' motion is DENIED. The Court further DENIES plaintiff's request to issue an Order to Show Cause regarding sanctions.

### II. BACKGROUND

Plaintiff Remington Investments, Inc. ("Remington") filed this action for breach of written continuing commercial guaranty on January 22, 1996, alleging that defendants must pay the balance due on a defaulted note which they guaranteed. Defendants are Michael Kadenacy, Steven Schwaber, Sanford Frey ("Frey"), Karen Pullian, and David Seror ("Seror"). The underlying loan in the amount of $700,000 was made by Independence Bank to the law firm of Kadenacy &

Schwaber on or about March 19, 1990. (Compl. ¶ 9.)

The Federal Deposit Insurance Corporation ("FDIC") took over Independence Bank and plaintiff purchased the note from the FDIC. (Compl. ¶¶ 10, 11.) The allonge[1] is not dated, (Compl.Ex. B.), but plaintiff states that the FDIC sold and assigned the note and defendants' personal guarantees to plaintiff in September 1995. (Pl.'s Opp. at 3; Knoles Decl. ¶ 2.) Kadenacy & Schwaber failed to repay the loan on its maturity date of June 25, 1990. (Compl. ¶ 8.)

Currently before the Court is the motion of defendants Frey and Seror (hereinafter "defendants") to dismiss the complaint on the ground that the statute of limitations has expired, and the complaint therefore fails to state a claim upon which relief can be granted. Also before the Court is plaintiff's request for sanctions under Federal Rule of Civil Procedure 11.

The Court has jurisdiction of the case based on diversity of citizenship. 28 U.S.C. § 1332.

## III. ANALYSIS

### A. Legal Standard

■ Federal Rule of Civil Procedure 12(b)(6) provides for dismissing complaints that fail to state a claim upon which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court must presume the truth of the factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987).

■ A court must not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The issue is not whether Plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claim. *Usher,* 828 F.2d at 561.

■ A statute of limitations defense may be raised by motion to dismiss or motion for summary judgment. *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980). "If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Id.*

### B. Discussion

#### 1. California Law

■ Defendants correctly argue that a district Court sitting in diversity must apply the substantive law of the forum state. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The statute of limitations is considered a substantive issue. *Guaranty Trust Co. v. York,* 326 U.S. 99, 110, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945); *See Lindley v. General Elec. Co.,* 780 F.2d 797, 799–800 (9th Cir.), *cert. denied,* 476 U.S. 1186, 106 S.Ct. 2926, 91 L.Ed.2d 554 (1986).

California Code of Civil Procedure § 337 provides that a cause of action for breach of a guaranty must be asserted within four years. The action must be commenced within four years from the time it accrues. *County of Los Angeles v. Security Ins. Co.,* 52 Cal. App.3d 808, 816–17, 125 Cal.Rptr. 701 (1975).

In the instant case, plaintiff's claim accrued on June 25, 1990, when the debtor defaulted on the original promissory note. Thus, under the California code the claim expired in June 1994, and plaintiff's claim would be barred.

The flaw in defendants' argument is that before looking to the four-year statute of limitations, the Court must determine what rights, under California law, pass to an assignee of the FDIC. Thus, assuming arguendo that the federal statute discussed below did not apply to plaintiff, this Court would look, not to the statute of limitations for personal guaranties, but to the California Commercial Code section 3203[2] which provides that the transferee has the same rights

---

1. A piece of paper annexed to a negotiable instrument on which to write endorsements for which there is no room on the instrument itself. Black's Law Dictionary 76 (6th ed. 1990).

2. Former Cal.Com.Code § 3201.

as the transferor. *See White v. Moriarty,* 15 Cal.App.4th 1290, 1298 n. 4, 19 Cal.Rptr.2d 200 (1993).

### 2. Federal Statute

Under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d)(14)(A) & (B), the statute of limitations on any action brought by the FDIC as conservator or receiver on a contract is the longer of the six-year period beginning on the date the claim accrues or the period applicable under state law. The statute of limitation begins to run on the later of the date of appointment of the FDIC as conservator or receiver, or the date on which the cause of action accrues.

Had the FDIC filed this claim, the statute of limitations would be six years, and would have commenced on the later of the appointment date or June 25, 1990. Thus, the statute of limitations would not expire before June 25, 1996, and plaintiff's claim would be timely.

■ However, the FDIC did not file the claim. The FDIC sold the commercial paper to plaintiff Remington. Consequently, the issue before the Court is whether the plaintiff, an assignee of the FDIC, receives the benefit of the six-year statute of limitations.

### 3. Interpretation of the Federal Statute

#### a. Existing Authority

There is a split in authority as to whether the six-year statute of limitations applies to successors and assignees of the FDIC. The first reported case to address the question is *Mountain States Financial Resources Corp. v. Agrawal,* 777 F.Supp. 1550 (W.D.Okla. 1991), where the court held that the six-year federal statute of limitations passed to the assignee with an assignment by the FDIC. *Id.* at 1552. The court reasoned that:

> An assignee stands in the shoes of the assignor, and acquires all of the assignor's rights and liabilities in the assignment. This general principle and a strong public policy require that the FDIC's assignee

acquire the six-year limitations period provided by § 1821(d)(14)(A).

*Id.*

Judge Spencer Williams in the Northern District of California agreed with and adopted the reasoning of the court in *Mountain States. Fall v. Keasler,* 1991 WL 340182 at 3 (N.D.Cal.1991). The court in *Fall* cited to the well-established California law which provides that the assignee stands in the shoes of his assignor. *Id.* (citing Cal. Com.Code § 3201). The court went on to find that the policy favoring the sale of assets by the FDIC to private parties articulated in analogous situations compels giving the FDIC's assignees the benefit of the FIRREA statute of limitations. *Id.* "The FDIC can only make full use of the market in discharging its statutory responsibilities if the market purchasers have the same rights to pursue actions against recalcitrant debtors as does the FDIC. Moreover, there is no legal or economic sense in a rule that would permit the maker of a note who has an enforceable legal obligation to the FDIC to escape enforcement of the very same obligation by the FDIC's assignee." *Id.*

Several other courts have relied on the reasoning in *Mountain States* to extend to assignees of the FDIC the FIRREA statute of limitations. *F.D.I.C. v. Bledsoe,* 989 F.2d 805 (5th Cir.1993); *White v. Moriarty,* 15 Cal.App.4th 1290, 1297–98, 19 Cal.Rptr.2d 200 (1993); *Tivoli Ventures, Inc. v. Tallman,* 870 P.2d 1244 (Colo.1994); *Cadle Co. II, Inc. v. Lewis,* 254 Kan. 158, 864 P.2d 718 (1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1613, 128 L.Ed.2d 340 (1994); *Central States Resources v. First Nat'l Bank,* 243 Neb. 538, 501 N.W.2d 271 (1993).

> The common grounds upon which these courts have reached those results are: (1) the common law of assignments, as evidenced principally in Restatement (Second) of Contracts § 336 which establishes the principle that the assignee stands in the shoes of the assignor; and (2) policy considerations underlying the necessity of assuring the broadest possible market for the assets of failed banks and federally insured depository institutions.

*WAMCO, III, Ltd. v. First Piedmont Mortgage,* 856 F.Supp. 1076, 1085 (E.D.Va.1994).

However, the *WAMCO* court disagreed with the result reached in *Mountain States. WAMCO,* 856 F.Supp. at 1086. The court in *WAMCO* held that the five-year Virginia statute of limitations applied to a demand note assigned by the RTC to plaintiff. *Id.* at 1088. In its analysis the court found that the FIRREA statute plainly conferred the benefit of the six-year limitation on the RTC in its status as receiver. As such, the court reasoned that the benefit is personal and therefore does not transfer to an assignee. *Id.* at 1086; *accord NSQ Associates v. Beychok,* 644 So.2d 808 (La.Ct.App.1994).

Neither the U.S. Supreme Court nor the Ninth Circuit have ruled on this precise issue. None of the authority discussed above is binding upon this Court. Therefore, the Court must make its own determination of the statute's meaning.

### b. FIRREA's Six Year Statute of Limitations Applies to Assignees of the FDIC

■ Defendants correctly argue that the Court must first look to the statute itself, and must regard the clear and unambiguous language of the statute as conclusive. *North Dakota v. United States,* 460 U.S. 300, 312, 103 S.Ct. 1095, 1102, 75 L.Ed.2d 77 (1982) ("Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.")

Defendants argue that the language in the FIRREA statute unambiguously confers the benefit of the six-year period on the FDIC, and only the FDIC. The Court agrees that the statute creates a benefit for the FDIC. It states that "the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be...." 12 U.S.C. § 1821(d)(14)(A). The Court does not agree that this plain language of the statute prohibits the FDIC from assigning that benefit.

Defendants further point to the legislative history which indicates that the extended statute of limitations was designed solely to enable the FDIC to pursue claims against failed financial institutions in order to safeguard the public's interest. H.R.Rep. No. 103–103(I), 103rd Cong., 1st Sess. (1993) *reprinted in* 1993 U.S.C.C.A.N. 3040. (Defs.' Reply Brief Ex. C.) Furthermore, the FDIC is a governmental agency created for that purpose and entrusted to guard the public interest. In contrast, a private party, such as plaintiff in this case, has no such mandate to protect the public interest. Therefore, defendants assert a private party should not receive the benefit, designed solely for the FDIC, of the six-year statute of limitations.

Although defendants' argument is well taken, the Court concludes that it slights the consideration expressed above that the FDIC should be allowed full use of the market in discharging its statutory responsibilities and that there is no legal or economic sense in permitting a party who has an enforceable legal obligation to the FDIC to escape enforcement that same obligation by the FDIC's assignee. The Court fails to see how Congress' intent to give the federal government more time to pursue and recover damages from responsible professionals who caused losses to federally insured savings institutions is supported by curtailing the market for the assets of those institutions. Such a rule would only force the FDIC to expend its resources enforcing the obligations itself.

Moreover, the U.S. Supreme Court recently stated, in reviewing the Ninth Circuit's ruling on defenses available to the FDIC, that "[i]n answering the central question of displacement of California law, we of course would not contradict an explicit federal statutory provision. Nor would we adopt a court-made rule to supplement federal statutory regulation that is comprehensive and detailed; matters left unaddressed in such a scheme are presumably left subject to the disposition provided by state law." *O'Melveny & Meyers v. F.D.I.C.,* 512 U.S. 79, ——, 114 S.Ct. 2048, 2054, 129 L.Ed.2d 67 (1994).

The statute here, 12 U.S.C. § 1821(d)(14)(A), does not address successors or assignees. Since FIRREA is, therefore, silent as to whether the statute of limitations established by § 1821(d)(14) applies to an assignee, the Court should look to state law regarding the rights and benefits that pass to

an assignee. *See id.* The California Court of Appeal in *White v. Moriarty* found that "[d]espite the paucity of case law on the issue, we agree with the court's holding that the FDIC's assignee is entitled to the benefit of the federal statute of limitations in enforcing notes from failed banks." *White v. Moriarty*, 15 Cal.App.4th 1290, 1298, 19 Cal. Rptr.2d 200, *petition for reh'g denied, petition for review denied* (1993). The Court agrees with the reasoning in *White v. Moriarty* and finds that its holding is a sound prediction of what the California Supreme Court would hold on this issue.

Therefore, this Court, following *Mountain States* and *White v. Moriarty*, finds that the six-year statute of limitations passes to an assignee of the FDIC.

Based on the foregoing, the Court DENIES defendants' motion to dismiss plaintiff's complaint as plaintiff's claim is not time barred.

### C. Sanctions

■ Plaintiff moves the Court to issue an Order to Show Cause regarding Rule 11 sanctions against defendants for bringing the instant motion to dismiss. Rule 11 requires that an attorney warrant that the papers she files with the court are (1) not filed for an improper purpose; (2) warranted by existing law or a nonfrivolous argument for a change of law; and (3) have, or are likely to have, evidentiary support. Fed.R.Civ.P. 11(b).

■ Plaintiff contends that defendants' motion has no basis in existing law. However, a legal claim for which no mandatory authority exists does not present good grounds for sanctions because the law of the jurisdiction is unsettled. *See Hudson v. Moore Business Forms, Inc.*, 836 F.2d 1156, 1160–61 (9th Cir.1987). The above discussion indicates that the law in the Ninth Circuit is not settled on the issue raised by defendants' motion. Consequently, the Court DENIES plaintiff's request for sanctions.

### IV. CONCLUSION

The Court, following *Mountain States*, 777 F.Supp. 1550, and *White v. Moriarty*, 15 Cal.App.4th 1290, 19 Cal.Rptr.2d 200, finds that the FIRREA six-year statute of limita-

tions applies to assignees of the FDIC. The Court, therefore, DENIES defendants' motion to dismiss. In addition, the Court DENIES plaintiff's request to issue an Order to Show Cause regarding sanctions.

The application of the FIRREA six year statute of limitations to assignees of the FDIC is a controlling question of law to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of this litigation.

**IT IS SO ORDERED.**