Opinion
 

 SONENSHINE, J.
 

 Professional Collection Consultants (Professional) appeals from a judgment entered in favor of Bobby K. Hanada and Linda B. Hanada (Hanadas) after the court determined its suit was time-barred.
 

 I
 

 In April 1990, Farmers & Merchants Bank (FMB) loaned the Hanadas $75,000 secured by a six-month note maturing October 16, 1990. That same month, the Federal Deposit Insurance Corporation (FDIC) was appointed
 
 *1018
 
 receiver for FMB. Thereafter, the Hanadas failed to repay the loan; and in December 1992, the FDIC transferred it to First Southwestern Financial Services who later assigned it to Professional.
 

 In March 1993, Professional and the Hanadas negotiated a payment schedule, but the Hanadas failed to comply, and in December 1994, Professional wrote to the Hanadas reminding them of their agreement and advising them that if they were “unable to remit the [money they owed, it would]. . . proceed to begin litigation to recover the principal balance of $75,000.00 plus $19,176.70 in accrued interest at the post maturity rate of 21%.” No money was forthcoming, and on January 13, 1995, Professional filed the underlying action. The trial court granted the Hanadas’ summary judgment motion, finding the action time-barred.
 

 II
 

 The trial court granted the Hanadas’ Code of Civil Procedure section 337 motion because the complaint was not filed within four years from the date of maturity of the loan. Professional maintains the 1993 agreement tolled the running of the statute. As we now explain, we need not address this issue because we find Code of Civil Procedure section 337 inapt.
 

 “[T]he applicable statute of limitations with regard to any [contract] action brought by the [FDIC] . . . shall be— [¶ (i) . . .
 
 the longer of—
 
 [¶ (I)
 
 the 6-year period beginning on the date the claim accrues;
 
 or [¶ (II) the period applicable under State law; . . . .” (12 U.S.C. § 1821(d)(14)(A), italics added.) “[T]he
 
 date on which the statute of limitation begins to run on any claim
 
 . . .
 
 shall be the later of—
 
 [¶ (i)
 
 the date of the appointment of the Corporation as conservator or receiver;
 
 or [¶ (ii) the date on which the cause of action accrues.” (12 U.S.C. § 1821(d)(14)(B), italics added.)
 

 The FDIC was appointed receiver in 1990; therefore the suit filed in 1995 is timely. Our discussion does not end here, however, because as the Hanadas point out, Professional and not the FDIC filed the complaint. We must decide whether the statute applies to an FDIC assignee. Only one California court has addressed this issue. It concluded an “FDIC’s assignee is entitled to the benefit of the federal statute of limitations in enforcing notes from failed banks.”
 
 (White
 
 v.
 
 Moriarty
 
 (1993) 15 Cal.App.4th 1290, 1298 [19 Cal.Rptr.2d 200], fn. omitted.)
 

 We find
 
 White
 
 compelling. Indeed, all but one of the federal courts which considered this matter came to the same conclusion. As
 
 White
 
 explained, one principle underlies all of these decisions: An assignee stands in the shoes of
 
 *1019
 
 the assignor, acquiring all of its rights and liabilities.
 
 (Mountain States Financial Resources
 
 v.
 
 Agrawal
 
 (W.D.Okla. 1991) 777 F.Supp. 1550, 1552.) “[W]hile the statute is quiet, the common law speaks in a loud and consistent voice:
 
 An assignee stands in the shoes of his assignor.” (F.D.I.C.
 
 v.
 
 Bledsoe
 
 (5th Cir. 1993) 989 F.2d 805, 810, original italics; see also
 
 U.S.
 
 v.
 
 Thornburg
 
 (9th Cir. 1996) 82 F.3d 886, 891;
 
 Remington Investments, Inc.
 
 v.
 
 Kadenacy
 
 (C.D.Cal. 1996) 930 F.Supp. 446, 451;
 
 National Enterprises, Inc.
 
 v.
 
 Smith
 
 (E.D.Mich. 1995) 892 F.Supp. 948, 950-951;
 
 Tivoli Ventures, Inc.
 
 v.
 
 Bumann
 
 (Colo. 1994) 870 P.2d 1244, 1248;
 
 Cadle Co. II, Inc.
 
 v.
 
 Lewis
 
 (1993) 254 Kan. 158 [864 P.2d 718, 720];
 
 Investment Co. of the Southwest
 
 v.
 
 Reese
 
 (1994) 117 N.M. 655 [875 P.2d 1086, 1092-1093];
 
 SMS Financial L.L.C.
 
 v.
 
 Ragland
 
 (Okla.Ct.App. 1995) 918 P.2d 400, 403;
 
 Jon Luce Builder
 
 v.
 
 First Gibraltar Bank
 
 (Tex.Ct.App. 1993) 849 S.W.2d 451, 455;
 
 Thweatt
 
 v.
 
 Jackson
 
 (Tex.Ct.App. 1992) 838 S.W.2d 725, 728.)
 

 This result complies with federal public policy considerations underlying the FDIC. The FDIC is charged with the duty to protect the assets of failed banks.
 
 (Federal Deposit Ins. Corp.
 
 v.
 
 Newhart
 
 (8th Cir. 1989) 892 F.2d 47, 49.) To fulfill this obligation, the FDIC must be able to dispose of those assets to mitigate shareholder and creditor losses. “ ‘The FDIC can only make full use of the market in discharging its statutory responsibilities if the market purchasers have the same rights to pursue actions against recalcitrant debtors as does the FDIC. Moreover, there is no legal or economic sense in a rule that would permit the maker of a note who has an enforceable legal obligation to the FDIC to escape enforcement of the very same obligation by the FDIC’s assignee.’ . . .”
 
 (Remington Investments, Inc.
 
 v.
 
 Kadenacy, supra,
 
 930 F.Supp. 446, 449, citation omitted.) “[T]he FDIC should be allowed full use of the market in discharging its statutory responsibilities . . . .”
 
 (Id.
 
 at p. 450.)
 

 “ ‘To hold that assignees are relegated to the state statute of limitations would serve only to shrink the private market for the assets of failed banks.’ ”
 
 (F.D.I.C.
 
 v.
 
 Bledsoe, supra,
 
 989 F.2d 805, 811.) Moreover, forcing the FDIC to prosecute all notes before the state statute of limitations runs would be contrary to the policy of ridding the federal system of the failed banks’ assets.
 
 (Ibid.)
 

 As noted above, only one federal court has refused to extend the statute to an FDIC assignee. In
 
 WAMCO, III, Ltd.
 
 v.
 
 First Piedmont Mortg.
 
 (E.D.Va. 1994) 856 F.Supp. 1076, the court held that because the statute specifically conferred the benefit on the FDIC, it was “personal in nature” and did not pass to the assignee.
 
 (Id.
 
 at p. 1086.) The court misapprehended the statute’s purpose. Although the plain language confers the benefit to the FDIC, it does
 
 *1020
 
 not prohibit the FDIC from assigning that benefit.
 
 (Remington Investments, Inc.
 
 v.
 
 Kadenacy, supra,
 
 930 F.Supp. 446, 450.) To hold otherwise, would impair the federal policy considerations expressed above.
 

 RTC Commer. Loan Trust 1995-NP1A
 
 v.
 
 Winthrop Mgmt.
 
 (E.D.Va. 1996) 923 F.Supp. 83 is instructive. There, the Resolution Trust Corporation (RTC) filed suit in federal court, claiming its assignment of delinquent notes entitled it to jurisdictional rights pursuant to the Financial Institutions Reform, Recovery and Enforcement Act. The court disagreed, finding a distinction between RTC
 
 rights,
 
 which may be assigned, and RTC
 
 status,
 
 which is personal in nature and not assignable.
 
 (Id.
 
 at p. 87.)
 

 Undaunted, the Hanadas contend the statute should at least be limited to a direct purchaser. They contend to hold otherwise “could conceivably, allow suit to be brought on a note indefinitely, even though the maturation of the note could have occurred decades earlier, so long as the note upon which suit is brought was, at one time, within possession of the F.D.I.C.” This contention is meritless. We are not the first court to accord FDIC status to a successor assignee (e.g.,
 
 White
 
 v.
 
 Moriarty, supra,
 
 15 Cal.App.4th 1290). The same public policy considerations apply whether the obligation is pursued by the FDIC or its assignees. Moreover, the outside statute of limitations will always be six years from the date the FDIC is appointed.
 

 The judgment is reversed. Professional shall recover its costs of appeal.
 

 Sills, P. J., and Wallin, J., concurred.