LR1-A Limited Part. v. Patterson, Inc CV-96-581-JD  06/09/97
                   UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


LR1-A Limited Partnership

      v.                              Civil No. 96-581-JD

Dana Patterson, Inc., et al.


                              O R D E R


     The plaintiff, LR1-A Limited Partnership, brought this

diversity action seeking to recover money owed under three

promissory notes executed by defendant Dana Patterson, Inc. and

personally guaranteed by Dana Patterson, and to set aside as

fraudulent the transfer of certain real estate by Dana Patterson

to the Dana Patterson 1991 Revocable Trust.  Before the court is

the defendants' motion to dismiss (document no. 7).


                            Background[1]

     Between 1986 and 1989, defendant Dana Patterson, Inc.

("DPI") executed three promissory notes (the "DPI Notes") in

favor of Nashua Trust Company ("NTC").  The principal on these

notes, which were personally guaranteed by Dana Patterson, totals

$6,250,000.  As security for the notes, DPI granted mortgages to

NTC on certain real estate located in New Hampshire.  On October

_____

  [1]The facts relevant to the instant motion are either not in
dispute or have been alleged by the plaintiff.

10, 1991, the Federal Deposit Insurance Corporation ("FDIC") assumed all right, title, and interest to the assets of NTC, including NTC's rights under the DPI notes.

On October 30, 1991, Patterson transferred substantial real estate assets to defendant Dana Patterson 1991 Revocable Trust ("DPRT") without receiving equivalent value. Patterson, who was insolvent at the time of the transfer or became insolvent as a result thereof, died shortly thereafter.

In January 1993, the FDIC brought a state court action against the estate of Dana Patterson asserting, inter alia, that the DPI notes were in default. By stipulation approved by the court on August 10, 1994, judgment was entered against the estate for all of its known and unknown assets. The stipulation expressly acknowledged the right of the FDIC to proceed against DPI and DPRT "to the full extent of their legal obligations to [the FDIC]."

In May 1996, the plaintiff purchased the DPI notes from the FDIC and, in August 1996, filed a state court action on the notes. On October 28, 1996, the plaintiff filed an "assented motion for voluntary nonsuit without prejudice," which was granted two days later. The plaintiff filed the instant action on November 20, 1996, seeking recovery under each of the three DPI notes (counts I-III), and to set aside Patterson's 1991

2

transfer of property to DPRT under the Uniform Fraudulent Transfer Act, N.H. Rev. Stat. Ann. ("RSA") § 545-A (count IV).

## Discussion

       The defendants argue that dismissal is warranted on a variety of grounds, which the court addresses seriatim.

## I.   Subject Matter Jurisdiction

       The defendants first contend that the plaintiff's filing of a motion for a voluntary nonsuit in state court, followed by the filing of the instant action, "violates the prohibition against the removal of cases to [federal] court by a plaintiff in a state court action."  This assertion is wholly without merit.  Although the defendants cite American Int'l Underwriters v. Continental Ins. Co., 843 F.2d 1253 (9th Cir. 1988), and Ryder Truck Rental, Inc. v. Action Foodservs. Corp., 554 F. Supp. 277 (C.D. Cal. 1983), for the proposition that "[t]he initial filing by the plaintiff of an action in [state] court operated as an election to waive the available [federal] diversity jurisdiction," both of these cases involved state court actions that were still pending. In the instant case, the plaintiff's state law claim was dismissed without prejudice, and the defendants have offered no legal or factual basis to support their assertion that the

3

plaintiff's claims must be brought in state court.[2]

II. <u>Failure to Join an Indispensable Party</u>

The defendants next argue that dismissal is warranted on the ground that the plaintiff, who seeks to set aside as fraudulent the transfer of certain real estate assets from Dana Patterson to DPRT, has failed to name Patterson or his estate as a defendant in this case. Without admitting that Patterson or the estate is an indispensable party, the plaintiff has represented that it plans to amend its complaint by adding a count asserting that the Patterson estate is liable on the DPI Notes and that the assets the plaintiff seeks to recover from DPRT in count IV rightfully belong to the Patterson estate. In light of this representation, the court need not address the defendants' contention that the plaintiff's failure to name Patterson or the Patterson estate warrants dismissal.[3]

---

[2]The court summarily rejects the defendants' contention that the court cannot interpret a stipulation agreement approved in New Hampshire state court or interpret New Hampshire statutory authority. In addition, even if the defendants' contention were true, its remedy would lie not in a motion to dismiss but in a motion for certification to the New Hampshire Supreme Court. <u>See</u> N.H. Supr. Ct. R. 34.

[3]The defendants also contend that count IV should be dismissed for failure to state a claim upon which relief may be granted because the plaintiff has not alleged that it is a creditor of the party that made the allegedly fraudulent transfer. In light

4

III. Failure to State a Claim Upon Which Relief May be Granted

   A.   Timeliness

The defendants contend that count IV of the plaintiff's claim is barred by the "claims extinguishment" provision of the Uniform Fraudulent Transfer Act.  See RSA § 545-A:9 (Supp. 1996) (providing, generally, that fraudulent transfer claims must be brought within four years of the transfer); see also United States v. Kattar, No. 95-221-JD, slip op. at 13 (D.N.H. Dec. 31, 1996) (treating claims extinguishment provision as functional equivalent of statute of limitations).  The plaintiff contends that its fraudulent conveyance count is timely because, as a transferee of the FDIC, it has six years to bring an action to set aside a fraudulent conveyance.  See generally FDIC v. Zibolis, 856 F. Supp. 57, 61 n.5 (D.N.H. 1994) (not reaching question of whether action to set aside fraudulent conveyance sounds in tort or contract).

     12 U.S.C. § 1821(d)(14)(A) provides:

        Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the [FDIC] as conservator or receiver shall be --

            (i) in the case of any contract claim, the longer of --

_____

of the plaintiff's representation concerning its plans to amend the complaint, the court does not reach this contention.

5

(I) the 6-year period
beginning on the date the claim
accrues; or

(II) the period applicable
under State law; and

(ii) in the case of any tort
claim . . ., the longer of --

(I) the 3-year period
beginning on the date the claim
accrues; or

(II) the period applicable
under State law.

12 U.S.C.A. § 1821(d)(14)(A) (West 1989 & Supp. 1997).[4] Because the statute is silent as to the limitations period for claims brought by assignees of the FDIC, see Federal Fin. Co. v. Hall, 108 F.3d 46, 48 (4th Cir. 1997), the court must look to state law to determine whether assignees of the FDIC are subject to the provisions of § 1821(d)(14)(A), see O'Melveny & Myers v. FDIC, 512 U.S. 79, 85 (1994) (absent significant conflict between identifiable federal interest and use of state law, "matters left unaddressed in such a scheme are presumably left subject to the disposition provided by state law"); Hall, 108 F.3d at 50; FDIC

---

[4]Relying exclusively on the claims extinguishment provision of RSA § 545-A:9, the defendants have not argued that the plaintiff's fraudulent conveyance claim sounds in tort and therefore is governed by 42 U.S.C. § 1821(d)(14)(A)(ii). See Zibolis, 856 F. Supp. at 61 n.5.

6

v. Houde, 90 F.3d 600, 604 (1st Cir. 1996).[5]

New Hampshire has adopted the rule that "an obligor may raise only such defenses against an assignee of the obligation as it would have had against an assignor, at the time of assignment." Woodstock Soapstone Co. v. Carleton, 133 N.H. 809, 816, 585 A.2d 312, 316 (1991) (citing Restatement (Second) of Contracts § 336(1),(2) (1981)); see also Restatement (Second) of Contracts § 336 cmt. a, illus. 3 ("A lends money to B and assigns his right to C. C's right is barred by the Statute of Limitations when A's right would have been."). It follows that the plaintiff, as assignee of the FDIC, is subject to the same defenses, including the same statute of limitations, as its assignor, the FDIC. Accordingly, the court denies the defendants' motion to dismiss based on the claims extinguishment provision of RSA § 545-A:9.

---

[5]The Supreme Court's decision in O'Melveny & Myers appears to have overruled a line of cases considering the timeliness of claims brought by assignees of the FDIC under federal common law. See FDIC v. Bledsoe, 989 F.2d 805, 811 (5th Cir. 1993); Mountain States Fin. Resources Corp. v. Agrawal, 777 F. Supp. 1550 (W.D. Okla. 1991); see also Remington Invs., Inc. v. Kadenacy, 930 F. Supp. 446, 450 (C.D. Cal. 1996) (considering question under California law in light of O'Melveny & Myers).

B.    Right of Assignee of FDIC to Set Aside Fraudulent
      Conveyance Under State Law

The defendants also claim that dismissal of the plaintiff's state law fraudulent transfer claim is warranted because 12 U.S.C. § 1821(d)(17) provides the exclusive avenue for the FDIC and its assignees to set aside a fraudulent conveyance, and because the plaintiff's complaint fails to allege any intent to defraud, as required by § 1821(d)(17).[6]

Upon its appointment as receiver of a federally insured financial institution, the FDIC "by operation of law, succeed[s] to . . . all rights, titles, powers, and privileges of the insured depository institution."  12 U.S.C.A. § 1821(d)(2)(A) (West 1989).  "This language appears to indicate that the FDIC as receiver 'steps into the shoes' of the failed [institution]," O'Melveny & Myers, 512 U.S. at 86, "plac[ing] the FDIC in the shoes of the insolvent [institution] to work out its claims under state law, except where some provision in the extensive framework of the [Financial Institutions Reform, Recovery, and Enforcement

_____

[6]The plaintiff alleges in his complaint that the transfer of property by Patterson to DPRT "was made without receiving reasonably equivalent value" and that Patterson was insolvent at the time of the transfer or became insolvent as a result thereof. These allegations are sufficient to establish a fraudulent transfer under RSA 545-A:5(I), even absent evidence of intent to hinder, delay, or defraud a creditor.  See RSA §§ 545-A:4, 545-A:5 (Supp. 1996).

8

Act ("FIRREA")] provides otherwise," id. at 87.

In 1990, Congress specifically empowered the FDIC to bring
an action to set aside a conveyance as fraudulent:

> The Corporation, as conservator or receiver for
> any insured depository institution . . . may avoid a
> transfer of any interest of . . . any person who the
> Corporation determines is a debtor of the institution,
> in property, or any obligation incurred by such party
> or person, that was made within 5 years of the date on
> which the Corporation . . . was appointed conservator
> or receiver if such party or person voluntarily or
> involuntarily made such transfer or incurred such
> liability with the intent to hinder, delay, or defraud
> the insured depository institution, the Corporation or
> other conservator, or any other appropriate Federal
> banking agency.

Crime Control Act of 1990, Pub. L. No. 101-647, § 2528(a), 101
Stat. 4789, 4877 (codified at 42 U.S.C.A. § 1821(d)(17)(A) (West
Supp. 1997)). Although the First Circuit has noted that "[i]t is
unclear whether 12 U.S.C. § 1821(d)(17) embodies a separate
federal fraudulent conveyance law, or whether it merely codifies
[state] law," FDIC v. Anchor Properties, 13 F.3d 27, 31 n.11 (1st
Cir. 1994), the court is unaware of any case holding that
§ 1821(d)(17)'s grant of authority to the FDIC to set aside a
conveyance as fraudulent precludes the FDIC or its assignees from
asserting a state law fraudulent transfer claim that could have
been asserted by the institution for which the FDIC was appointed
as receiver. Where, as here, state law permits a creditor to set
aside a conveyance even absent evidence of fraudulent intent, the

9

rule of law urged by the defendants would run counter to the statutory command that the FDIC succeed to "all rights, titles, powers, and privileges of the insured depository institution." 18 U.S.C.A. § 1821(d)(2)(A) (emphasis added); see also Zibolis, 856 F. Supp. at 60 (permitting FDIC to bring action to set aside conveyance under RSA § 545-A). Accordingly, the court rejects the defendants' assertion that Congress's empowerment of the FDIC to set aside fraudulent conveyances should be read to diminish the rights that the FDIC and its assignees inherit from the institutions the FDIC succeeds. The defendants' motion to dismiss on this ground is denied.


Conclusion

The defendants' motion to dismiss (document no. 7) is denied. The plaintiff shall file an amended complaint on or before June 16, 1997.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
Chief Judge

June 9, 1997

cc: John A. Rachel, Esquire
    John V. Dwyer, Esquire


10