AEROFUND FINANCIAL, INC.,
a California Corporation,
Plaintiff–Appellant,

v.

Linn ELLIOTT; American Alarm Security Systems, Inc., an Arizona Corporation; American Alarm Systems, Inc., Defendants,

and

ADT Security Services, Inc., a Delaware Corporation, Defendant—Appellee.

No. 99–17250.

D.C. No. CV–98–21165–JF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2001.

Decided March 30, 2001.

Before REINHARDT, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM *

Aerofund Financial Inc. (Aerofund) appeals the summary judgment in favor of ADT Security Systems, Inc. (ADT), and denial of its cross-motion for summary adjudication. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

## I

Aerofund contends that ADT was obligated to make payments to it on all of the accounts receivable of American Alarm Security (American) after receiving the June 1998 notices of assignment. We agree with the district court that Paragraph 2(d) of the Purchase Agreement must be read in conjunction with Paragraph 10. Construing them together, Aerofund had the authority to notify ADT to pay it directly but no right to retain monies paid on unassigned accounts unless and until American defaulted. That its ability to collect all of American's accounts receivable (whether or not owned) was made "subject to [Aerofund's] rights as a secured party" does not entitle Aerofund to keep monies that did not belong to it *before* its rights as a secured party to collateral were triggered. As ADT paid American $26,899.18 on accounts that had been assigned to Aerofund after notice but before default, Aerofund's recovery from ADT is limited to this amount.

## II

Aerofund maintains that American defaulted before November 10, 1998, but it failed to argue otherwise in the district court. *See Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir.1996) (arguments not raised are waived). In any event, November 10 is the default date alleged in Aerofund's complaint and is consistent with its demand letter.

## III

Aerofund contends that Cal. Com. Code § 9318(1)(a) does not afford ADT another opportunity to offset the amount wrongfully paid after notice, and that ADT has no right to offset because this case is governed by subsection (3) instead of (1)(a). However, Aerofund stands in American's shoes, *Prof'l Collection Consultants v. Hanada*, 53 Cal.App.4th 1016, 62 Cal.Rptr.2d 182, 184 (Cal.Ct.App.1997)

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

("An assignee stands in the shoes of the assignor, acquiring all of its rights and liabilities."), and ADT's offset arises from what American owes to it—not from what it has already paid to American.[1] Aerofund alternatively submits that there are triable issues of fact as to the amount of set-offs, but ADT's declarations of the amount owed by American are uncontroverted.

AFFIRMED.

---

1. We decline to consider Aerofund's argument that to allow the offsets claimed by ADT would amount to affirmative relief, because the argument was not raised in the opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir.1994) ("we review only issues which are argued specifically and distinctly in a party's opening brief") (citations omitted).

