Botsford, J.
In this action, Nab Asset Venture III, L.P. (Nab Asset) seeks to recover on a note executed by the defendants Craig Rafter and Bernard Gabler. This matter comes before the court on cross motions for summaryjudgment by Nab Asset and Rafter pursuant to Mass.R.Civ.P. 56. Nab Asset claims that it is entitled to recover as a matter of law; Rafter argues that the statute of limitation applicable to the action has run, precluding any recovery on Nab Asset’s part. For the reasons set forth below, Nab Asset’s motion for summary judgment is allowed, and Rafter’s cross motion for summary judgment is denied.
BACKGROUND
The summaryjudgment record reveals the following. On June 20, 1989, Rafter and Gabler executed a recourse promissory note (note) in favor of the Home National Bank of Milford; the principal amount of the note was $120,000.[2] The note was secured by a mortgage on property in Natick that the defendants owned. The Home National Bank of Milford subsequently became insolvent. The Federal Deposit Insurance Corporation (FDIC) was appointed receiver of the bank in June of 1990. In this receivership capacity, the FDIC took control over the note.
At some point after. the FDIC became receiver, Rafter and Gabler defaulted on the note. As receiver, the FDIC assigned the note to the FDIC acting in its corporate capacity. On September 30, 1992, the FDIC sent both Rafter and Gabler written notice of its intent to foreclose on the Natick property securing the note and to hold them liable for any deficiency. This written notification was required by G.L.c. 244, §17B (1994 ed.). On November 18, 1992, the FDIC in its corporate capacity and as assignee of the FDIC as receiver, foreclosed on the Natick property. After the November 18 sale, a deficiency of approximately $67,000 in principal still remained on the note.
Sometime after the foreclosure sale, Nab Asset purchased the note from the FDIC. Nab Asset sent demand letters to Rafter and Gabler in October of 1994. Rafter and Gabler did not make any payments in satisfaction of the note. This prompted Nab Asset to send out another demand letter dated February 15, 1995. Again, no payment was forthcoming. Both demand letters were sent via certified mail, and were signed for. Nab Asset filed this action on July 27, 1995.
DISCUSSION
Motions for summary judgment are granted where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.R 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). In this case, in connection with the summary judgment motion pressed by Nab Asset, Rafter does not dispute that Nab Asset can prove all the factual prerequisites to collection on the note; rather, he claims that as a matter of law, Nab Asset cannot recover, because the applicable State statute of limitations had run before Nab Asset brought this suit. Similarly, in relation to Rafter’s cross motion for summary judgment, Nab Asset does not contend there are material issues of fact in dispute, but argues that Rafter cannot prevail as matter of law, because the governing statute of limitations is not the two-year State statute on which Rafter relies but rather a six-year federal one. Thus, both parties agree that this case is properly resolved by summaiy judgment; their dispute is over the legal question of which statute of limitations applies.
Nab Asset argues that since it purchased the note from the FDIC, it is an assignee of the FDIC, and therefore, the applicable statute of limitations is the one that governs the FDIC for contract disputes. The duration of the FDIC statute of limitations is six years. 12 U.S.C. §1821 (d)(14) (1994) (§1821(d)(14)).[3] Rafter argues that the two-year statute of limitations which G.L.c. 244, §17A (1994 ed.) (§17A)[4] imposes on an action to recover a deficiency after a mortgage foreclo *103 sure is applicable to this case because the six-year limitations period in §1821(d)(14) is (1) only for the benefit of the FDIC acting as a receiver or conservator and not, as in this case, when it is acting in its corporate capacity: and (2) in any event, is inapplicable to an assignee of the FDIC. Furthermore, according to Rafter, Nab Asset’s sole cause of action is based not on contract but on the Massachusetts statutory foreclosure procedures which provide the exclusive remedy; and since the Federal statute of limitations only applies to contract claims, it cannot apply to this case.
The FDIC was created in order to restore and preserve public confidence in depository institutions and it is responsible for enforcing the Federal Deposit Insurance Act. 12 U.S.C. §1811 (1988&Supp. 1996). In order to fulfill its statutory duties, the FDIC takes on several roles. In its corporate capacity, the FDIC regulates financial institutions and manages the FDIC insurance fund. In its capacity as receiver, the FDIC accounts for the assets of failed institutions and compensates creditors. In its capacity as conservator, the FDIC assumes the management of failing institutions and disposes of assets and liabilities. See generally B.S. Zisman, Banks and Thrifts: Government Enforcement and Receivership, §11.01 (1993 & Supp. July 1993).
By its terms, §1821(d)(14) applies to the FDIC acting as a receiver, and establishes a six-year statute of limitations for contract actions.[5] As Rafter argues, §1821(d) (14) does not address the statute of limitations applicable to the FDIC acting in its corporate capacity. However, pursuant to 12 U.S.C. §1823(d)(3)(A) (1994), “(wjith respect to any asset acquired or liability assumed [while giving assistance to an insured institution pursuant to 12 U.S.C. §1823(c) (1994)], the Corporation [FDIC] shall have all of the rights, powers, privileges, and authorities of the Corporation as receiver under Sections 1821 and 1825(b) of this title.” Therefore, regardless ofwhether the FDIC acts in its corporate capacity or receivership capacity, it still benefits from the six-year statute of limitations in a contract action.
Section 1821(d) (14) is silent as to the rights of private assignees of the FDIC. A number of Federal and State courts, however, have addressed the question whether assignees are nevertheless entitled to rely on this statute. The great majority of these courts have determined that entities purchasing and becoming assignees of notes held by the FDIC are entitled to the benefit of the limitations period in §1821(d) (14). The reasoning is as follows. When Congress is silent the courts can apply common law principles, and under the common law, “[a]n assignee stands in the shoes of his assignor.” FDIC v. Bledsoe, 989 F.2d 805, 810 (5th. Cir. 1993). Moreover, the common law principles of assignments are embodied in the Uniform Commercial Code and Restatement (Second) of Contracts, §336, comment b (1979). Under the Uniform Commercial Code, §3-201(1) (codified in Massachusetts as G.L.c. 106, §3-201 (1994 ed.)) the “transfer of an instrument vests in the transferee such rights as the transferor has therein . . .”[6] Finally, considerations of public policy support this result, because there is a need to ensure the ability of the FDIC to attract the broadest possible market for the assets of failed financial institutions; if a private purchaser is not entitled to the long statute of limitations that applies to the FDIC, in many cases it will not be interested in buying an asset such as a note receivable, because its right of recovery will be unduly limited.[7] See FDIC v. Bledsoe, supra, 989 F.2d at 811. See also, e.g., Mountain States Fin. Resources Corp. v. Agrawal, 777 F.Supp. 1550 (W.D. Okla. 1991); Fall v. Kessler, 191 U.S. Dist. LEXIS 18771 (N.D. Cal. 1991); White v. Moriarty, 15 Cal.App. 4th 1290 (1993); Tivoli Ventures, Inc. v. Tallman, 870 P.2d 1244 (Colo. 1994); The Cadle Company II, Inc. v. Lewis, 864 P.2d 718, 254 Kan. 158 (Kan. 1993); Central States Resources Inc. v. First Nat. Bank, 501 N.W. 2d 271, 243 Neb. 538 (Neb. 1993); Jackson v. Thweatt, 883 S.W.2d 171, 174 (Tex. 1994).
One Federal District Court has disagreed with the reasoning and results reached in the cases just cited. Wamco III. Ltd. v. First Piedmont Mortgage Corp., 856 F.Supp. 1076, 1086-88 (E.D. Va. 1994). It concluded that the plain terms of §1821(d)(14) conferred a personal benefit on the FDIC as receiver (or conservator) that is not transferrable to any other entity — the FDIC in its corporate capacity, or any private corporation or individual — and even under the common law, an assignment does not transfer to the assignee benefits that are personal to the assignor.
It appears that no other court has followed the result reached in Wamco. In my view, the reasoning of the majority of courts which hold that a private assignee is entitled to the benefit of the Federal limitations statute is more persuasive, particularly in light of the policy reasons supporting it. Accordingly, I conclude that in this case, Nab Asset, as the assignee of the FDIC, is entitled to the benefit of the six-year statute of limitations set out in § 1821 (d) (14). Since this action to recover the mortgage note deficiency was commenced well within six years of when Nab Asset’s cause of action accrued on November 18, 1992 — the date of the foreclosure sale by the FDIC — it is timely.
Rafter’s claim that this case is not founded in contract law has no merit. He maintains that Nab Asset’s suit is simply one to recover on a deficiency, and it is both authorized and governed entirely by the Massachusetts statutes prescribing foreclosure procedures, G.L.c. 244, §§11-17C. This argument ignores the existence of the note, without which there could be no claim. The note represents a promise by Rafter to pay in return for a loan. Rafter received the loan but failed to fulfil his obligation under the note. Contrary to Rafter’s contention, the note is a contract. Even in Wamco, the case on which Rafter relies, the court *104 stated that “[t]he Note is a written contract.” Wamco, supra, 856 F.Supp. at 1083. Sections 11 through 17C of Chapter 244 only establish the procedures to be followed when collecting on a note. The state statute of limitations, G.L.c.244, §17A, acknowledges that the action is on the note itself: “(ajctions on mortgage notes ... for deficiency . . . shall ... be commenced within two years after the date of the foreclosure sale . . .” G.L.c. 244, §17A (1994 ed.). Failure to follow the procedures may bar recovery on the underlying note in certain circumstances, but the procedures themselves do not replace the underlying claim, which is one of contract. Nab Asset has not violated any of the procedures of G.L.c.244, §11-17A (1994 ed.). The language on the note itself allows for deficiency collection. (Second Affidavit of Kevin F. Shea, Exhibit A.) There is no exclusive statutory remedy mandated, and, therefore the claim is not barred.
Nab Asset took the Note as assignee of the FDIC. (Exhibit A of the Second Affidavit of Kevin F. Shea.) The note is signed over to Nab Asset by the FDIC. The signature gave Nab Asset the right to pursue any cause of action that the FDIC had a right to pursue. See Quaranto v. Silverman, 345 Mass. 423 (1963). “An assignment of a right is a manifestation of the assignor’s intention to transfer it by virtue of which the assignor’s right to performance by the obligor is extinguished in whole or in part and the assignee acquires a right to such performance.” Restatement (Second) of Contracts, §317 1981.) The note would have no value if the rights to collect on the note did not transfer and could not be enforced.
ORDER
For the foregoing reasons, it is ORDERED that the plaintiff Nab Asset’s motion for summary judgment is ALLOWED on all counts. It is further ORDERED that the defendant Rafter’s motion for summary judgment is DENIED. Counsel for Nab Asset and Rafter are to inform the session clerk if a hearing is required to establish the amount of damages on or before October 29, 1996. If no hearing is required, the parties are to submit a proposed term of judgment on or before November 5, 1996.

 The note states a maturity date of June 20, 1990, but it also appears the note was renewed.

 12 United States Code §1821(d) (14) provides in relevant part as follows:
(14) Statute of limitations for actions brought by conservator or receiver. (A) In general. Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation [FDIC] as conservator or receiver shall be—
(i) in the case of any contract claim, the longer of—
(I) the 6-year period beginning on the date the claim accrues: or (II) the period applicable under State law . . .
(B) Determination of the date on which a claim accrues. For purposes of subparagraph (A), the date on which the statute of limitations begins to run on any claim described in such subparagraph shall be the later of—
(I) the date of the appointment of the Corporation as conservator or receiver; or
(ii) the date on which the cause of action accrues . . .

 General Laws c. 244, §17A provides in relevant part:
Actions on mortgage notes ... or on other obligations to pay a debt secured by mortgage of real estate, to recover judgments for deficiencies after foreclosure by sale under a power contained in the mortgage . . . shall... be commenced within two years after the date of the foreclosure sale . . .

 See note 4 above, where the statute is quoted.

 The policy behind this rule is to allow the holder of the note as much of a right to collect on the note as the assignor had. See G.L.c. 106, §3-201 (1994 ed.).

 To further explain the policy argument: one of the ways the FDIC fulfills its purpose of upholding the public faith in commercial institutions is to minimize the negative financial impact in the aftermath of a bank’s insolvency. To do this the FDIC must attempt to liquidate the bank’s assets as fairly and efficiently as possible. One of the most viable alternatives for the FDIC is to sell nonperforming loans to private entities at a discount. Those private entities, in turn, attempt to collect on the note. The FDIC needs a ready market for nonperforming loans. If private entities cannot bring collection proceedings they will not purchase the loans from the FDIC. This is not the outcome Congress intended.