[No. B172072. Second Dist., Div. Four. Jan. 24, 2005.]

LLP MORTGAGE, Ltd., Plaintiff and Respondent, v.
B. GORDON BIZAR et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the entire section under Discussion entitled "The Trial Court Did Not Abuse its Discretion in Denying the Motion to Transfer Venue From Los Angeles County to Ventura County."

## COUNSEL

B. Gordon Bizar and Helene J. Bizar, in pro. per., for Defendants and Appellants.

Nossaman, Guthner, Knox & Elliott, Stephen P. Wiman, Scott N. Yamaguchi and Sam P. Feldman for Plaintiff and Respondent.

## OPINION

**GRIMES, J.**—Appellants were defendants below and appeal from the grant of summary judgment in favor of the plaintiff in an action for breach of a promissory note and a common count for money lent. Appellants also contend the trial court erred in denying their motion for change of venue from Los Angeles County to Ventura County. We find the court did not abuse its discretion in denying the motion to transfer venue, and respondent was entitled to judgment as a matter of law, and we affirm the judgment.

### BACKGROUND

Respondent LPP Mortgage, Ltd. is the assignee of a promissory note made by appellants B. Gordon and Helene Bizar and delivered to the United States Small Business Administration (SBA). In July 1992, appellants borrowed $112,500 from the SBA to make repairs to a house they owned in Malibu, and they secured the loan with a third trust deed on the Malibu property. In December 1998, the senior lienholder foreclosed on the Malibu property when appellants still owed the SBA $72,213.17, and SBA became a "sold out junior lienholder." SBA assigned the promissory note to respondent in April 2001. Respondent filed this lawsuit, alleging two causes of action, for breach of the promissory note and a common count for money lent, in August 2002.

### DISCUSSION

*The Trial Court Did Not Abuse its Discretion in Denying the Motion to Transfer Venue From Los Angeles County to Ventura County*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Respondent Was Entitled to Summary Judgment as a Matter of Law*

■ "On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the

---

[*]See footnote, *ante,* page 773.

moving and opposition papers except that to which objections have been made and sustained. [Citation.]" (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334 [100 Cal.Rptr.2d 352, 8 P.3d 1089].) In ruling on the motion, the court must consider all of the evidence and all of the inferences reasonably drawn therefrom, and must view such evidence and such inferences in the light most favorable to the opposing party. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 [107 Cal.Rptr.2d 841, 24 P.3d 493].)

■ The moving party bears the initial burden "to make a prima facie showing of the nonexistence of any genuine issue of material fact." (*Aguilar v. Atlantic Richfield Co., supra,* 25 Cal.4th at pp. 845, 853.) "A prima facie showing is one that is sufficient to support the position of the party in question." (*Id.* at p. 851.) The burden of the moving party is to "*persuade* the court that there is no material fact for a reasonable trier of fact to find . . . ." (*Id.* at p. 850, fn. 11.)

■ "All doubts as to whether any material, triable issues of fact exist are to be resolved in favor of the party opposing summary judgment. [Citation.]" (*Barber v. Marina Sailing, Inc.* (1995) 36 Cal.App.4th 558, 562 [42 Cal.Rptr.2d 697].)

Appellants contend the trial court erred in granting summary judgment in favor of respondent because respondent did not provide competent evidence to prove it was entitled to judgment, and there were disputed issues of fact with respect to their affirmative defenses that the action was barred by the statute of limitations, waiver, laches, and estoppel. We conclude that respondent proved it was entitled to judgment on the basis of admissible evidence, and appellants failed to offer competent evidence of any disputed issue of material fact.

Respondent relied on the declaration of Peter Gilkey to authenticate the loan documents and SBA's assignment of the promissory note to respondent. Mr. Gilkey declared he was the litigation manager of a bank which acted as loan service agent for respondent and that all records of appellants' indebtedness on the SBA loan "are kept and maintained in the ordinary course of business under my supervision and control." Appellants did not offer any evidence in their separate statement of facts, or otherwise, tending to show that the loan documents attached to the Gilkey declaration were not true copies of their SBA loan. Instead, they objected that the loan documents were inadmissible hearsay, lacked foundation, and were "subject to proof at trial by

the submission of original authenticated documents." The trial court did not rule on these objections and, therefore, we consider this evidence in evaluating whether respondent has met his burden. (Code Civ. Proc., § 437c, subds. (b) and (c); *Golden West Baseball Co. v. Talley* (1991) 232 Cal.App.3d 1294, 1301, fn. 4 [284 Cal.Rptr. 53].) We conclude that respondent submitted substantial credible evidence that Mr. Gilkey was the custodian of respondent's records of the SBA loan to appellants and, as such, he was competent to establish the authenticity of the loan documents.[2] Appellants did not offer any evidence to dispute respondent's proof of the amount due and unpaid on the promissory note.

Turning to appellants' contention that there were triable issues of fact regarding their affirmative defenses, we will address first the defense of the statute of limitations. Appellants assert this action is barred by the four-year statute of limitations for breach of contract actions, presumably, Code of Civil Procedure section 337. They contend the statute was triggered on September 2, 1997, when the senior lienholder appointed a trustee to conduct a foreclosure sale of the Malibu property that collateralized the promissory note. Thus, they argue the last date to timely sue for breach of the promissory note and on the common count was September 2, 2001, and since this action was filed on August 2, 2002, it is time-barred.

Respondent contends that the applicable limitations period is six years under either federal or California law, and this action is not time-barred even if it accrued on December 1, 1996, when appellants first defaulted on the SBA loan, the earliest date on which any statute of limitations could be deemed to have been triggered. Respondent primarily relies on the six-year federal statute applicable to actions by the federal government to recover damages for breach of contract found in 28 United States Code section

---

[2] The loan documents on which respondent relied to obtain summary judgment were the same loan documents attached as exhibits to the complaint and to the briefs in support of and in opposition to the motion for change of venue. Before respondent moved for summary judgment, appellants never suggested these loan documents were not authentic or not true copies of the loan documents evidencing their SBA loan. Moreover, in their reply to respondent's opposition to appellants' motion to transfer venue, appellants offered to stipulate that the deed of trust and trustee's deed upon sale attached as exhibits to the complaint and/or to respondent's opposition papers "could be used for all purposes in lieu of originals." Appellants did not offer to stipulate to the authenticity of the promissory note, but it was among the loan documents that were the focus of the motion to transfer venue, and they did not question its authenticity. Their offer to stipulate to the authenticity of loan documents relating to the same transaction as gave rise to the promissory note, when viewed with all the other evidence, creates a further inference that the promissory note was authentic.

2415(a).[3] Respondent argues that, if this court finds the action is limited by California and not federal law, then the applicable limitations period is six years, as codified in California Uniform Commercial Code section 3118. We conclude that the federal statute of limitations governs and that, since the earliest evidence of breach triggering the statute is December 1, 1996, this action is not time-barred.

■ Both California and federal authorities establish that, as an assignee of an SBA loan, respondent is entitled to the benefit of the federal statute of limitations in enforcing appellants' promissory note. (See, e.g., *Professional Collection Consultants v. Hanada* (1997) 53 Cal.App.4th 1016, 1018–1020 [62 Cal.Rptr.2d 182] [Federal Deposit Insurance Corporation (FDIC) assignee entitled to benefit of six-year statute of limitations in 12 U.S.C. § 1821(d)(14)(A)]); *White v. Moriarty* (1993) 15 Cal.App.4th 1290, 1297–1299 [19 Cal.Rptr.2d 200] [same]; *U.S. v. Thornburg* (9th Cir. 1996) 82 F.3d 886 [assignee of the SBA may file an action within six years of the accrual date of a loan pursuant to 28 U.S.C. § 2415(a)].)

Appellants concede that federal law would apply but for a provision in the promissory note that "this instrument is to be construed and (when SBA is the Holder or a party) in interest) [*sic*] enforced in accordance with applicable Federal law." Appellants argue that this clause of the promissory note should be interpreted to mean that where, as here, the SBA is not the holder but the assignor of the promissory note, federal law does *not* apply. We decline to so construe the promissory note. Rather, we find this language means only that federal law governs the rights and liabilities of the parties to the SBA loan. Under federal law, as well as consistent California law, respondent stepped into the shoes of the SBA when it acquired the SBA's right to enforce the promissory note and is entitled to the benefit of the six- year limitations period.[4]

Finally, we turn to appellants' contention that there were material factual disputes concerning their affirmative defenses of waiver, laches, and estoppel. Essentially, appellants argue there is a triable issue whether the federal government recovered the unpaid balance due under the promissory note by way of offset against tax refunds owed to appellants because an SBA representative told appellant Gordon Bizar that it was not the practice of SBA

---

[3] Title 28 United States Code section 2415(a) provides in relevant part: "Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues . . . ."

[4] We decline to follow the analysis or holding of *WAMCO, III, Ltd. v. First Piedmont Mortg.* (E.D.Va. 1994) 856 F.Supp. 1076, the only federal authority that has refused to extend the federal statute of limitations to an FDIC assignee.

to file lawsuits on disaster relief loans " 'but under the law we are required to refer the debt to the IRS for offset.' "

As evidentiary support for these affirmative defenses, appellants relied on the declaration of Gordon Bizar, in which he stated that the Internal Revenue Service (IRS) offset the SBA indebtedness against tax refunds due in 1998 and 1999 and that he had proof of these offsets in the form of privileged tax records that he could produce at trial. The Bizar declaration also recounted his conversation with the SBA representative and stated that appellants grew lax about their record keeping in the belief the SBA would not sue them, as a consequence of which they suffered loss of memory, witnesses, and documents.

Appellants never specified what evidence had been lost as a consequence of their alleged reliance on the statement by the SBA representative that the SBA would refer the loan to the IRS for offset rather than sue them. Appellants offered no evidence of waiver; accepting as true the statement of the SBA representative that it was the practice of the SBA to recover disaster relief loans by referring them to the IRS for offset rather than sue debtors, this statement does not create a triable issue that the SBA meant to abandon collection of the indebtedness.

Appellants never produced any tax records or other documents evidencing the claimed IRS offset, instead offering to provide them for an in camera inspection by the court after the hearing on the motion for summary judgment.[5] As the trial court correctly observed, it would have been error to conduct an in camera inspection of appellants' tax records following the hearing on the summary judgment motion to make an ex parte determination whether they created a triable issue of fact. If appellants believed they could demonstrate a triable issue that the indebtedness had been offset against tax refunds, it was their duty to present nonprivileged, admissible evidence of the offset or to waive their claim of privilege with respect to any proof of offset in their possession.

In conclusion, respondent carried its burden of proving there was no material fact for a reasonable trier of fact to find, and appellants did not demonstrate there was a triable issue as to one or more material facts.

---

[5] Appellants offered as exhibit 1 to the declaration of Gordon Bizar a letter from the SBA addressed to "Dear Delinquent Debtor" stating an intent to "refer you to the U.S. Treasury as a delinquent Federal borrower or guarantor" and advising what steps must be taken to avoid referral to the Treasury Offset Program. This letter does not create a triable issue of fact that the federal government did in fact refer appellants' loan to the Treasury Offset Program or that any part of the debt was recovered by offset against any tax refund.

## DISPOSITION

The judgment is affirmed.

Hastings, Acting P. J., and Curry, J., concurred.

A petition for a rehearing was denied February 8, 2005, and on February 9, 2005, the opinion was modified to read as printed above.