Filed 12/21/15

**CERTIFIED FOR PUBLICATION**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

APPELLATE DIVISION

| | |
|---|---|
| UNIFUND  CCR, LLC, | |
| Plaintiff and Respondent, | Case No: APP1400181 |
| v. | (Trial Court: TEC1302113) |
| JOHN C. DEAR, | |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Riverside County, Elaine M. Kiefer, Judge. Affirmed.

William Rose Law Firm, PC, William J. Rose, II, for Defendant and Appellant.

Simmonds & Narita, Jeffrey A. Topor, Liana Mayilyan, for Plaintiff and Respondent.

**THE COURT** [*]

Defendant John C. Dear (defendant) appeals from a judgment entered against him in the principal sum of $25,000 representing unpaid credit card charges owed to

---

[*]Raquel. A. Marquez, Presiding Judge, Jeffrey J. Prevost and David M. Chapman, Judges.

Citibank, N.A. (Citibank), who subsequently sold the account to Pilot Receivables Management, LLC (Pilot). The account was later assigned to Unifund CCR Partners, who then assigned the account to plaintiff Unifund CCR, LLC (plaintiff). Defendant contends the trial court erred in admitting into evidence the declaration of the custodian of records for plaintiff to establish the debt and the assignments because the declaration constituted inadmissible hearsay, lacked foundation and authentication. We disagree and affirm.

## FACTS AND PROCEDURAL HISTORY

In this limited civil collections action, plaintiff filed a complaint asserting a cause of action for the common counts of account stated, open book account, money lent, and money paid. Defendant filed a timely answer denying the material allegations of the complaint and raising affirmative defenses that included a lack of standing and an invalid/failure of assignment.

On March 18, 2014, the parties proceeded to trial without a jury. Plaintiff submitted the declaration of Autumn Bloom (Bloom), its authorized representative and custodian of records, in lieu of testimony, pursuant to Code of Civil Procedure section 98. Bloom stated that the original creditor was Citibank, who subsequently sold the account to Pilot, which later assigned it to Unifund CCR Partners, who subsequently assigned the account to plaintiff. Bloom also stated the ledgers were computer generated and obtained from the original creditor. Attached to her declaration as exhibit A was a Bill of Sale and Assignment of receivables between Citibank and Pilot, an Assignment of receivables from Pilot to Unifund CCR Partners, and an Assignment of

2

receivables from Unifund CCR Partners to plaintiff. Also attached to her declaration as exhibit B were monthly billing statements on the account. Finally, plaintiff attached an affidavit signed by Shelley R. Baker (Baker) the Document Control Officer for the original creditor Citibank, who stated that a credit card account ending in account number 9983 was sold to Pilot, and the account holder's name was John C. Dear. Finally, plaintiff called the defendant as an adverse witness. He testified that he did obtain an AT&T Universal credit card from Citibank in May 2000, he did make purchases on the account, and he never objected to any of the charges on the card. He otherwise testified that he could not remember receiving monthly statements or making any payments on the card.

Defendant did not call any witnesses. He objected to the Bloom declaration and the attached exhibits based upon a lack of foundation, authentication, and hearsay. Defendant also argued the documents were not relevant because the assignment did not identify what receivables were being assigned or that any account belonged to the defendant. The trial court overruled the objections to the Bloom declaration. The court sustained the objection to the affidavit signed by Baker from Citibank because it was not executed under the laws of the state of California. The court rendered judgment for plaintiff in the principal sum of $25,000.

Defendant's issues on appeal can be summarized as follows: 1) Did the plaintiff meet its burden of proving a debt owed by defendant to the original creditor Citibank; and, 2) Did the plaintiff meet its burden of proving it was an assignee of the debt?

We initially issued an opinion on September 14, 2015. Following requests for publication, we ordered a rehearing on October 9, 2015, in light of the recent ruling in *Sierra Managed Asset Plan, LLC v. Hale* (2015) 240 Cal.App.4th Supp.1, *(Hale)*. After reviewing the supplemental briefing, amicus briefing, and the decision in *Hale*, we now come to the same conclusion we had reached before, and affirm the judgment.

**DISCUSSION**

I

*Defendant Fails to Establish the Trial Court Abused its Discretion by Admitting the Declaration of the Custodian of Records*

Hearsay evidence is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated. (Evid. Code, § 1200.)  Hearsay evidence is inadmissible unless a legally-recognized exception applies. (*Ibid.*)

The exception sought here is Evidence Code section 1271 which provides: "Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or event if: (a) The writing was made in the regular course of a business; [¶] (b) The writing was made at or near the time of the act, condition, or event; [¶] (c) The custodian or other qualified witness testifies to its identity and the mode of its preparation; and [¶] (d) The sources of information and method and time of preparation were such as to indicate its trustworthiness."

Plaintiff relied on the Bloom declaration, served prior to trial in accordance with Code of Civil Procedure section 98, subd. (a)(1), to authenticate the credit card account documents and the assignment of the debt. Bloom declared she was the authorized representative and custodian of records for plaintiff, and that all the records of defendant's indebtedness by the original creditor were kept in the ordinary routine course of business. Defendant did not offer any evidence to show that the statements attached to the declaration were not true copies of the billing statements or of the credit card debt. Instead defendant objected that the documents were inadmissible hearsay. Defendant argued the declarant lacked personal knowledge of the record keeping systems and practices of the original creditor Citibank to qualify these documents for admissions as business records under the business records exception to the hearsay rule.

The trial court considered the scope of the hearsay objection to the Bloom declaration and the attached exhibit A, the Bill of Sale and Assignment, and exhibit B, the monthly billing statements. The trial court noted the business records exception and articulated both the rule and the reasoning behind it:

THE COURT: All right. And my ruling is as follows: Evidence of a writing made as a record or an act, condition, or event is not made inadmissible by the hearsay rule when the writing was made in the regular course of business at or near the time of the condition or event; a custodian or other qualified witness testifies as to its identity.

And under California Evidence Code Section 1271, there's no requirement for personal knowledge of the custodian.

And I would also cite Loper versus Morrison. That's 1994, 23 Cal.2d 600, 608. The legislature undoubtedly determined that such rule provoked undue interference to the operation of business enterprises and was necessary to ensure reliable evidence.

In other works (sic), the California Supreme Court stated, quote, 'It is the object of the business records statute to eliminate the necessity of calling each witness and to substitute the record of the transaction or event. It is not necessary that the person making the entry have personal knowledge of each transaction.'

5

So the objection to Exhibit A is overruled.

The defendant than made the same objections to Exhibit B. The court stated:

THE COURT: All right. And those objections will be overruled for all of the same reasons that I just stated with regard to Exhibit A.

Here, Bloom asserted she had personal knowledge of the manner, methods and practices by which plaintiff maintained its business records and otherwise does business. The various assignments and records attached to the declaration are asserted to be maintained by plaintiff in the form of computerized account records kept in the ordinary routine course of business by plaintiff. Computerized ledgers were also asserted to be maintained by plaintiff. She stated these computerized ledgers maintained by plaintiff constituted the principal records for amounts due and owing to plaintiff for all transaction that occurred when defendant used the original creditor's card account. Since this description coincides with our common-sense understanding of how credit card records are electronically generated, we cannot find that the trial court abused its discretion in finding that Bloom adequately laid the foundation to authenticate the billing statements as business records within the meaning of Evidence Code section 1271.

In *LPP Mortgage, Ltd., v. Bizar* (2005) 126 Cal.App.4th 773, the Small Business Administration (SBA) assigned its promissory note to plaintiff LPP Mortgage. LPP Mortgage moved for summary judgment and submitted the declaration of a bank manager who acted as the loan service agent for LPP Mortgage, who attested to the fact that the records of the indebtedness on the SBA loan were maintained in the ordinary

course of business by the servicer. Appellant objected that the loan documents were inadmissible hearsay, lacked foundation, and were not properly authenticated. The court concluded that LPP Mortgage had submitted substantial credible evidence that the bank manager was the custodian of LPP Mortgage's records of the SBA loan and was competent to establish the authenticity of the loan documents, and the appellant did not offer any evidence to the contrary. (*Id*. at pp. 776-777.)

A qualified witness need not be the custodian, the person who created the record, or one with personal knowledge in order for a business record to be admissible under the hearsay exception. (*Jazayeri v. Mao* (2009) 174 Cal.App.4th 301, 322; 1 Witkin, Cal. Evidence (5th ed. 2012) Hearsay, §243, p. 1108.)

We are especially mindful that "[a] trial judge has broad discretion in admitting business records under Evidence Code section 1271." (*People v. Dorsey* (1974) 43 Cal.App.3d 953, 961.) Moreover, the criteria for establishing that a document is subject to the business records exception to the hearsay rule may be inferred from the circumstances. (*Id.*) "Indeed, it is presumed in the preparation of the records not only that the regular course of business is followed but that the books and papers of the business truly reflect the facts set forth in the records brought to court. [Citations.]" (*Id.*)

We find the following language from *Dorsey*, *supra*, which applies with equal force to credit card billings and bank records, instructive:

> Moreover, we believe that bank statements prepared in the regular course of banking business and in accordance with banking regulations are in a different category than the ordinary business and

7

financial records of a private enterprise. It is common knowledge that bank statements on checking accounts are prepared daily and that they consist of debit and credit entries based on the deposits received, the checks written and the service charges to the account. We fail to see where appellant has been prejudiced by the absence of testimony as to the "method" of preparation of the records, i.e., whether by hand or by computer and from what sources. Such testimony would not have a bearing on the basic trustworthiness of the records. While mistakes are often made in the entries on bank statements, such matters may be developed on cross-examination and should not affect the admissibility of the statement itself.

(43 Cal.App.3d at pp. 960-961.)

Finally, we emphasize that, as in *Dorsey*, defendant here failed to articulate how the failure to specifically detail the mode of preparation of the business records caused any prejudice. If there were any question about the competence of Bloom, the basic trustworthiness of the records, or mistakes in the entries on the bank records, Bloom could be subpoenaed and examined. Instead, defendant chose not to subpoena her to appear for live testimony despite having received her timely declaration prior to trial. Plaintiff submitted substantial credible evidence that Bloom was the custodian of plaintiff's records of the credit card statements and as such, she was competent to establish the authenticity of such records.

We review the trial court's rulings regarding admissibility of evidence for abuse of discretion. (*People v. Waidla* (2000) 22 Cal.4th 690, 717.) We find that the decision to admit this evidence demonstrates no such abuse.

8

## II

*Defendant Fails to Establish the Trial Court Abused its Discretion in Finding a Valid*

*Assignment of Defendant's Account*

The general rule in California is that choses in action or other personal rights to claim money are freely assignable. Proof of the intent to assign must be clear and positive to protect the obligor from any further claim by the primary obligee. (*Cockerell v. Title Ins. & Trust Co.* (1954) 42 Cal.2d 284, 292.) In other words, the assignment must describe the subject matter of the assignment with sufficient particularity to identify the rights assigned. (See 7 Cal. Jur.3d, Assignments, §36, p. 59.)

We reject defendant's contention that the evidence fails to show the chain of title from the original creditor Citibank to plaintiff. In determining the existence of the assignments, the trial court was permitted to interpret the Bloom declaration and the various assignments in light of the extrinsic evidence admitted at trial. (See e.g. *Mission Valley East, Inc. v. County of Kern* (1981) 120 Cal.App.3d 89, 97-100.) Here, extrinsic evidence is sufficient to support the reasonable inference that the Citibank assignment included defendant's account. The Bloom declaration asserts that it has all rights to the account ending in 9983 originally issued by Citibank. The business records of the original creditor Citibank are asserted to include the monthly statements of the account ending in 9983. The monthly statements attached to the Bloom declaration are from AT&T Universal Card, with the Citi logo prominently displayed on the billing statements. The billing statements list the account ending in 9983. They expressly list the name of the card user as John C. Dear, and include his address as established by

defendant's testimony. This is substantial evidence that supports the inference that Citibank assigned its interest in the receivables ending in 9983 and plaintiff is the current assignee.

Moreover, defendant's testimony at trial is consistent with the statements in the Bloom declaration. He admits he opened up an account with AT&T Universal. He admits using the credit card. He admits that he has lived at the address to which the bills were sent, and that he had lived there since 2005. He further admits he never objected to any of the charges on the card. Finally, in response to the question whether he ever made payments on this card, he responded: "On the Mastercard maybe. I don't recall." Defendant did not offer any evidence to dispute plaintiff's proof of the debt owed, of defendant's association with the original contract, or of the assignment of the debt. In our view, the evidence supports the reasonable inference of an assignment of the credit card account from Citibank to plaintiff, and the assignment to plaintiff encompassed defendant's account.

III

*Order of Rehearing Following Requests for Publication*

After receiving requests for publication, we ordered rehearing on our own motion to consider the decision in *Sierra Managed Asset Plan, LLC v. Hale*, which also involved a limited civil collection action. Pursuant to the business records exception to the hearsay rule, the court in *Hale* held that the assignee's custodian of records could not provide substantial evidence to establish the foundation needed to admit (1) the records of the original creditor, and (2) the proof of prior assignments, because his

10

declaration was insufficient to determine the sources of information, method, and time of preparation that would indicate its trustworthiness. We respectfully disagree with the holding in *Hale*.

We agree with *Hale* that some other qualified witness other than a custodian or the person who created the record can testify as to the identity and mode or preparation of the documents, and the trial court has wide discretion in determining whether a qualified person possesses sufficient personal knowledge for purposes of the business records exception. However, the *Hale* court then concluded that the declarant did not have personal knowledge about the account or charges in question other than what he knew as a result of acquiring the documents from the original creditor, and that this falls short of the necessary foundation. In our view, the holding of *Hale* is too rigid in the consumer debt collection action setting. Our conclusion is consistent with the authorities relied upon in *Hale,* including *Target National Bank v. Rocha* (2013) 216 Cal.App.4th Supp. 1, which acknowledges that section 98 is already a noted departure from the hearsay rule, as declarations are generally not admissible at trial. Evidence Code section 1271 further provides for a declaration by the custodian or *other qualified witness*. Also, credit card statements issued by the bank are admissible as the mode and method of preparation can be inferred from the circumstances and the identity of the documents themselves. (*People v. Dorsey*, *supra,* 43 Cal.App.3d at p. 961.)

Moreover, because an assignee stands in the shoes of the assignor and the obligor can raise any defenses the obligor has against the assignor as against the assignee (1 Witkin Summary of Cal. Law (10th ed. 2005) Contracts, §735, p. 810), we believe little

effort is required by a defendant to deny the debt or challenge the accuracy of the records, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. (*People v. Lee* (2011) 51 Cal.4th 620, 632.)

We are also persuaded by the nature of limited civil actions themselves. In an unlimited civil action, the parties typically engage in pretrial discovery seeking facts and evidence in support of the allegations in the complaint and defenses in the answer. Documents to support the allegations are frequently requested and produced. The issues of authentication, foundation and admissibility of records are generally resolved before trial. Contrast this with a limited civil action, in which the statute provides for limited discovery. Although a request for production of documents or subpoena for records is not precluded, the nature of these actions and a collection action in particular, generally leads to a trial without discovery conducted by either party. The section 98 declaration is the first opportunity the defendant has to view the evidence against him or her.[1] To require a restrictive interpretation of the business records exception for bank credit card collection account records would undoubtedly lead to more discovery, more court intervention burdening our already crowded trial courts, and more attorney fees

[1] We note that after the complaint in this action was filed, the legislature addressed the issue of persons or entities who regularly engage in the business of purchasing charged-off consumer debt for collection purposes in The Fair Debt Buying Practices Act [Civ. Code §1788.50 et seq.] In enacting the Fair Debt Buying Practices Act, the Legislature observed that the collection of debt purchased by debt buyers had become a significant focus of public concern due to the inadequacy of requirements for documentation to be maintained by the industry in support of collection activities and litigation. Until January 1, 2014, state law did not prescribe the specific nature of documentation that a debt buyer must maintain and produce in a legal action on the debt. Documentation used to support the collection of a debt must be sufficient to prove the individual who is being asked to pay the debt is in fact the individual associated with the original contract or agreement, and that the amount of indebtedness is accurate. Setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers and the collection industry.

incurred by both parties. All of these are antithetical to the limited civil collection action.

## DISPOSITION

The judgment is affirmed. Plaintiff to recover its costs on appeal.