Filed 9/6/16

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| MIDLAND FUNDING LLC, | CASE NO. 30-2015-00780720 |
| Plaintiff and Respondent, | (Super. Ct. No. 30-2013-00683295) |
| v. | OPINION |
| MICHAEL ROMERO, | |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Central Justice Center, Timothy J. Stafford, Judge. Reversed and remanded.

Defendant/Appellant Michael Romero appeals the judgment entered against him and in favor of Plaintiff/Respondent Midland Funding LLC in a collection action. Defendant argues the trial court erred in overruling his objections to Plaintiff's declaration in lieu of testimony because: (1) the declarant, Kenneth Smith, was not available for service of process pursuant to Code of Civil Procedure section 98;[1] (2) the declaration did not properly authenticate the attached documents, and the business records exception does not apply; and (3) there was insufficient evidence that Plaintiff had standing to sue. For the reasons discussed below, we agree that the declaration did not comply with section 98 and that the attached documents were inadmissible.

---

[1] All statutory references will be to the Code of Civil Procedure unless otherwise stated.

1

On October 24, 2013, Plaintiff filed a complaint as assignee to a defaulted credit card account originally owned by Credit One Bank, N.A. against Defendant seeking to recover money relating to that account.[2] Defendant answered. Prior to trial, Plaintiff filed a declaration by Kenneth Smith in lieu of testimony pursuant to section 98.  The declaration set forth the following:

Smith is an officer of Plaintiff and employed as a Legal Specialist by Midland Credit Management Inc. (MCM), servicer of the subject account. He has personal knowledge of the account records maintained on Plaintiff's behalf. Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all rights, title, and interest to Defendant's Credit One Bank, N.A. account ending in 8739 (hereafter "the account"). Smith has access to and has reviewed the records pertaining to the account and was authorized to make the affidavit on Plaintiff's behalf.

Plaintiff purchases portfolios of delinquent accounts from the original creditor or subsequent purchaser of the account, and MCM services the accounts on Plaintiff's behalf. MCM operates and maintains computer systems into which Plaintiff integrates electronic records and information received from the seller regarding the individual accounts.

Smith is familiar with and trained on the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information

---

[2] The complaint was not designated as part of the record on appeal by the parties. This court augments the record on its own motion to include the complaint. (Cal. Rules of Court, rule 8.841(a)(1)(A).)

thereof to be included in such record. In the regular course of business, the record or compilation is made at or near the time of the act or event.

On or about May 15, 2012, Plaintiff became the successor in interest to the account. MCM acquired and incorporated the attached account records into its permanent business records as a result of Plaintiff's purchase of the account. These records are kept in the regular course of business on Plaintiff's behalf, and along with the electronic records provided at purchase, are Plaintiff's primary source of business records for this account.

Plaintiff and/or its servicer relied upon the accuracy of such records in purchasing and collecting this account. The records are trustworthy and relied upon because the original creditor was required by law to keep careful records of the account or suffer business loss.

MCM's records show the following: (a) Plaintiff is the sole owner of the account; (b) the account was opened on April 11, 2006 and charged off on April 17, 2012 with a balance of $1,772.29; (c) MCM's records show that the balance of $1,772.29 remains due and owing as of October 2, 2013; (d) the last payment was posted on September 13, 2012; (e) the charge off creditor was Credit One Bank, N.A.; and (f) the charge off account number associated with the debt ends in 8739.

MCM's records state MCM or its agents made demand for payment of the balance herein prior to making the affidavit and Defendant failed to make full payment of the amount owed on the account. MCM's records state there is no record of an active dispute or of a prior unresolved dispute.

The exhibits attached to the declaration contained Credit One Bank, N.A. Credit Card Statements, documents relating to the sale of the account, and MCM's notices to Defendant regarding collection of the debt.

For a reasonable period of time, during the 20 days immediately prior to trial, Smith agreed to accept service at any of the following locations: (1) c/o Brooks Houghton, Esq., 2531 Forest Avenue 110, Chico, CA 95928; (2) c/o Diane Devine, Esq., 8300 Fair Oaks Blvd. #405, Fair Oaks, CA 95608; (3) c/o Hunt &

Henriques, 151 Bernal Rd., Suite 8, San Jose, CA 95119; (4) David Lange, Esq., 720 W. Center Ave., Suite B, Visalia, CA 92391; (5) c/o Steve Levy, Esq., 6055 E. Washington Blvd., Suite 290, Commerce, CA 90040; (6) Kenneth Smith, 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108; and (7) Kenneth Smith, 8875 Aero Dr., Suite 200, San Diego, CA 92123.

Defendant objected to the declaration because it listed multiple addresses for service of process of Smith with four of the addresses – Chico, Fair Oaks, San Jose and Visalia – being more than 150 miles from the court and five of the addresses required substituted service despite the Code requiring personal service. Defendant also stated he attempted to personally serve Smith with a subpoena to appear at trial, but Smith was not available for personal service at the nearest address – the Commerce location "c/o Steve Levy, Esq." Since Smith was not available for personal service of process, Defendant argued Plaintiff did not comply with section 98. Defendant further objected to the declaration on the ground that it constituted inadmissible hearsay.

The trial court overruled Defendant's objections to the declaration and, after a bench trial, entered judgment in favor of Plaintiff. Defendant timely appealed.

DISCUSSION

Defendant contends Smith's declaration did not comply with section 98 and the attached documentary evidence was inadmissible. Trial court rulings on the admissibility of evidence are generally reviewed for abuse of discretion. (*Pannu v. Land Rover North America, Inc.* (2011) 191 Cal.App.4th 1298, 1317.) However, questions of law involving statutory interpretation and the proper application of a statute are reviewed de novo. (*Florez v. Linens 'N Things, Inc.* (2003) 108 Cal.App.4th 447, 451.) A judgment will be reversed based upon a trial court's error in excluding evidence only if the appealing party demonstrates a miscarriage of justice – " 'a different result would have been probable if the error had not occurred.' [Citation.]" (*Pannu v. Land Rover North America, Inc.*, *supra*, 191 Cal.App.4th at p. 1317; Evid. Code, § 353.)

4

*Plaintiff's Declaration in Lieu of Testimony Did Not Comply with Section 98*

Defendant argues Smith was not available for service of process as required by section 98. Section 98 permits a party to offer prepared testimony of a witness in the form of affidavits or declarations under penalty of perjury if "[a] copy has been served on the party against whom it is offered at least 30 days prior to the trial, together with a current address of the affiant that is within 150 miles of the place of trial, and the affiant is available for service of process at that place for a reasonable period of time, during the 20 days immediately prior to trial." (§ 98, subd. (a).)

Smith's declaration listed seven addresses, five of which permitted substituted service. Defendant attempted personal service of a subpoena pursuant to section 1987, subdivision (a) on Smith at the Commerce location "c/o Steve Levy, Esq." According to the proof of service, he left the subpoena with "YESSINIA MALDONADO – CALENDAR REP." Defendant relies on *Target National Bank v. Rocha* (2013) 216 Cal.App.4th Supp. 1 (*Rocha*) and *CACH LLC v. Rodgers* (2014) 229 Cal.App.4th Supp. 1 (*Rodgers*) for the proposition that Smith had to be available for *personal* service at a current address. Although published decisions by the Appellate Division are persuasive and not binding (see *Velasquez v. Superior Court* (2014) 227 Cal.App.4th 1471, 1477, fn. 7), the *Rocha* and *Rodgers* cases are instructive here.

*Rocha*, which was a case of first impression regarding this issue (*Rocha*, *supra*, 216 Cal.App.4th Supp. at p. 6), involved the following facts: plaintiff's section 98 declarant executed her declaration in Minnesota and stated she would be available for service of process 20 days prior to trial via plaintiff's counsel located in San Jose, which was within 150 miles of the trial court; plaintiff's counsel's business address was actually in San Diego, and the San Jose address was for ABC Legal Services; defense counsel issued a civil subpoena for plaintiff's declarant for her appearance at trial; defendant's process server made two separate attempts to personally serve the subpoena at the San Jose address; someone from ABC Legal Services told the process server the declarant was not at the office but the person would accept the service on her behalf; and the

5

process server left without serving the subpoena since he was only authorized to personally serve the declarant. (*Ibid*.)

The plaintiff in that case did not disagree that section 98 required personal service, but instead argued the declarant was available for service of process because defendant could have compelled her to attend trial if she served plaintiff's counsel with a notice to appear pursuant to section 1987, subdivision (b). (*Id.* at p. 8.) The reviewing court was unpersuaded by this argument since the declarant did not meet any of the criteria set forth in that subsection: she was "not a party to the action, a person for whose immediate benefit the action [was] prosecuted, or an officer, director, or managing agent of [plaintiff]." (*Id.* at p. 9, fn. omitted.) The *Rocha* court also noted that section 1987, subdivision (a) allows for the service of summons only by personal delivery. (*Id.* at p. 7.) That court ultimately held that the plaintiff did not comply with section 98 because the declarant was not available for service of process within 150 miles of the courthouse, and the trial court therefore abused its discretion in admitting the declaration as evidence. (*Id.* at p. 9.) The *Rocha* court reversed the judgment and remanded the matter for a new trial. (*Id.* at p. 10.)

In *Rodgers*, the plaintiff assignee's declarant stated in the section 98 declaration that he was currently located in Denver, Colorado and authorized service to be accepted on his behalf at plaintiff's counsel's office in Woodland Hills, California, which was within 150 miles of the trial court. (*Rodgers*, *supra*, 229 Cal.App.4th Supp. at p. 3.) The defendant objected to the declaration and attached documentation to her trial brief showing a failed service attempt upon the declarant because he did not work at that address. (*Ibid.*) The appellate division agreed with the holding and reasoning in *Rocha* and held the declarant was not available for service within 150 miles as required by section 98. (*Id.* at p. 7.)

The reasoning in *Rocha* and *Rodgers* is sound, and this court adopts it in finding that Smith's declaration did not comply with section 98. "Although requiring personal service, or having a local declarant literally available for service within 150 miles, is unwieldy in cases of this nature, in a contested matter, where the litigant has made efforts

6

to effectuate service, the right of cross-examination at trial should prevail over the convenience of the litigants and the witnesses." (*Rodgers*, *supra*, 229 Cal.App.4th Supp. at p. 7.) Section 98 requires the declarant to be available for personal service, and the addresses provided in Smith's declaration were therefore insufficient. The declaration did not comply with the statutory requirements set forth in section 98. Therefore, the trial court abused its discretion in admitting it into evidence.

### *Plaintiff's Documentary Evidence Was Not Properly Authenticated*

Defendant also made a hearsay objection to Smith's declaration, which contained documentation purportedly indicating Defendant's indebtedness and Plaintiff's ownership of the account as the assignee.

Writings must be authenticated before they are received into evidence or before secondary evidence of their contents may be received. (Evid. Code, § 1401.) Authentication means either the introduction of evidence sufficient to sustain a finding that the writing is what the proponent claims it is, or "the establishment of such facts by any other means provided by law" (e.g., by stipulation or admissions). (Evid. Code, § 1400.)

Here, there were no "short-cuts" to authentication of the documents offered as evidence in Exhibits 1 and 2 by way of stipulations, admissions in the answer, admissions of genuineness per requests for admissions, judicial notice, or self-authentication. (See Evid. Code, §1400 comments.) The party offering the writing has the burden of presenting sufficient evidence of its authenticity to sustain a finding of fact to that effect. (Evid. Code, § 403(a)(3).)

The business records exception to the hearsay rule is set forth in Evidence Code section 1271, which provides: "Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or event if: (a) The writing was made in the regular course of a business; [¶] (b) The writing was made at or near the time of the act, condition, or event; [¶] (c) The custodian or other qualified witness testifies to its identity and the mode of its

7

preparation; and [¶] (d) The sources of information and method and time of preparation were such as to indicate its trustworthiness."

"The witness need not have been present at every transaction to establish the business records exception; he or she need only be familiar with the procedures followed." (*Jazayeri v. Mao* (2009) 174 Cal.App.4th 301, 322.)

Defendant relies on *Sierra Managed Asset Plan, LLC v. Hale* (2015) 240 Cal.App.4th Supp. 1 (*Sierra*). In *Sierra*, the plaintiff was the assignee of an unpaid credit card account originating from Citibank, N.A. (Citibank) (*Id.* at p. 3.) Plaintiff filed a section 98 declaration of Marc Roberts. (*Id.* at p. 4.) The declaration attached exhibits showing assignments of the account, the account agreement, and account statements reflecting the unpaid balance due. (*Ibid.*) Roberts was personally present at trial and was cross-examined by the defendant. (*Ibid.*) The trial court, over defendant's objections based on lack of personal knowledge and hearsay, received the declaration and exhibits. (*Ibid.*) None of the documents attached to the declaration were created by plaintiff, and Roberts was not the authorized custodian of the Citibank documents. (*Id.* at p. 8.) Roberts stated in the declaration that he had never worked for Citibank and "did not have personal knowledge about the account or charges in question, other than the information he knew from acquiring the documents from Citibank." (*Id.* at p. 9.) The defendant testified and "acknowledged the account, but denied any knowledge of the purchases or the balance due on the account." (*Id.* at p. 4.) The *Sierra* court held Roberts's declaration and testimony did not meet the "necessary foundation," and that "at best," his declaration and testimony established that plaintiff as assignee received records originating from Citibank. (*Id.*, at p. 9) That court concluded the records were inadmissible hearsay and the result was prejudicial. (*Id.* at pp. 9-10.)

In contrast, *Unifund CCR, LLC v. Dear* (2015) 243 Cal.App.4th Supp. 1 (*Unifund*) disagreed with *Sierra.* In *Unifund*, Citibank was the original creditor. (*Id.* at p. 4.) It sold defendant's unpaid credit card account to Pilot Receivables Management (Pilot). (*Ibid.*) Pilot later assigned the account to Unifund CCR Partners, which then assigned it to plaintiff Unifund CCR, LLC. (*Ibid.*) Plaintiff submitted a section 98 declaration of

8

Autumn Bloom with exhibits showing the assignments and the monthly billing statements. (*Id.* at p. 5.) The declaration also included a signed affidavit by Citibank's Document Control Officer stating that Defendant's account was assigned to Pilot. (*Ibid.*) The defendant testified that he obtained the credit card from Citibank, made purchases on the account, and never objected to any of the charges. (*Ibid.*) However, he could not remember receiving monthly statements or making payments on the card. (*Ibid.*) The *Unifund* court held the records were admissible. (*Unifund*, *supra*, 243 Cal.App.4th Supp. at pp. 8-9.) Moreover, because the defendant failed to demonstrate any prejudice from the plaintiff's "failure to specifically detail the mode of preparation of the business records," and plaintiff showed Bloom was the custodian of its records to competently establish the authenticity of the disputed records, the *Unifund* court concluded that the trial court did not abuse its discretion in admitting the evidence. (*Id.* at p. 9.)

In disagreeing with *Sierra*, the *Unifund* court found the holding in *Sierra* "too rigid in the consumer debt collection action setting." (*Id.* at p. 11.) *Unifund* adopted a more pragmatic approach to the issue, and, in our view, relaxed the requirements under the Evidence Code regarding the business records exception to hearsay. We find *Sierra* instructive and respectfully disagree with *Unifund*'s holding concerning the business records exception to hearsay.

Here, Smith had personal knowledge that the documents were part of Plaintiff's business records, but did not satisfactorily establish those documents were a part of the prior creditor's business records under Evidence Code section 1271. That is, there was no evidence regarding the mode of preparation or other information indicating trustworthiness. Therefore, the trial court abused its discretion by overruling Defendant's objections to Plaintiff's evidence.

As to whether there was a miscarriage of justice here, a different result would have been probable if the objections were sustained. Plaintiff would not have been able to get Credit One Bank's statements into evidence and establish Defendant's indebtedness.[3]

## DISPOSITION

The judgment is reversed, and the matter is remanded for further proceedings consistent with this court's opinion. Defendant is entitled to costs on appeal.


_____
Ronald Bauer
Acting Presiding Judge

_____
Geoffrey Glass
Judge

_____
Walter Schwarm
Judge

---

[3] Since there was a miscarriage of justice, there is no need to discuss whether Plaintiff had standing to sue or whether there was evidence showing a valid assignment of the account.

Trial Court:  Orange County Superior Court

Trial Judge:  Hon. Timothy J. Stafford

Counsel:

Law Office of Ian Chowdhury, Ian Chowdhury, for Defendant and Appellant.

Midland Funding LLC, Patrick T. Sullivan, for Plaintiff and Respondent on Appeal.