Filed 6/17/22  Marefat v. Dixon CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KEN MAREFAT,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>NAVARRO DIXON et al.,<br><br>  Defendants and Respondents. | B312898<br><br>(Los Angeles County<br> Super. Ct. No. 19STCV08116) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elaine Lu, Judge.  Affirmed.

EBL Law Group and Estefan M. Encarnación for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

This lawsuit arose out of a residential lease agreement entered into by plaintiff Ken Marefat and defendants Navarro and Tanya Dixon. Plaintiff alleged defendants breached the agreement by making "numerous intermittent full and partial monthly payments of rent" to plaintiff. It was further alleged that defendants had damaged the property, causing plaintiff to incur repair costs. After a bench trial, judgment was entered in favor of plaintiff and plaintiff was awarded monetary damages, attorney fees and costs. On appeal, plaintiff contends the court abused its discretion in (1) excluding a declaration in support of his damages claim as inadmissible hearsay, and (2) awarding only $1,000 in attorney fees.[1] We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 2020, the trial court conducted a one-day bench trial on plaintiff's complaint asserting breach of contract and trespass to real property against defendants. The record does not include a reporter's transcript, so we instead rely on the description of the evidence in the agreed statement[2] as well as the exhibits admitted into evidence by the court.

On October 31, 2014, plaintiff and defendants entered into a three-year residential lease agreement for real property located on Colina Court in

---

[1]    Defendants did not file a respondent's brief.

[2]    An agreed statement must consist of "a condensed statement of the relevant proceedings." (*Le Font v. Rankin* (1959) 167 Cal.App.2d 433, 437; Cal. Rules of Court, rule 8.134.) When parties stipulate in an agreed statement to all the facts and cause such stipulation to be made a part of the record, "the facts so recited take the place of findings, and on appeal the appellate tribunal must look to the stipulation of facts for the facts of the case [citations]." (*Larkin v. Bank of America* (1949) 93 Cal.App.2d 594, 603.)

2

Palmdale, California (subject property). Defendants agreed to pay rent at the monthly rate of $1,775, to begin November 1, 2014. A late charge would be incurred by defendants if rent was not received five days after the due date. The agreement further stated, "The rent is due and payable to the landlord only. No payments shall be made to any third party on landlord's behalf except with an express advance written authorization from the landlord." Defendants were obligated to pay for any damage, excluding ordinary wear and tear, of the subject property. The agreement also provided for attorney fees: "In any action or proceeding arising out of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs including but not limited to non payment [*sic*], extensive damage to the property, and eviction that Tenant will indemnify the Landlord and his legal costs."

Around August 2015, defendants were notified that a judgment was entered in Los Angeles County Superior Court in favor of Pall Corporation and Medsep Corporation (Pall parties) and against plaintiff (*Ken Marefat v. Pall Medical Corporation et al.* (Feb. 21, 2006) L.A. Super. Ct. No. BC314946). On August 18, 2014, the Pall parties obtained an assignment order against plaintiff directing third parties to turn over all compensation and benefits due and payable to plaintiff. Pursuant to the assignment order, the Pall parties, through their counsel Mark Rosenbaum, directed defendants to pay the monthly rent to them until the judgment was satisfied. On August 25, 2015, the assignment order was then amended to specifically direct defendants "Navarro Dixon and Tanya Dixon to pay all of judgment debtor [plaintiff] Ken Marefat's interest, right to payment due, or to become due, in commission, royalties, payments, advances, etc. due from rent . . . to judgment creditors Pall Corporation and Medsep Corporation's counsel c/o

3

Mark J. Rosenbaum, Esq. . . . , to be applied to the judgment herein until such judgment is fully satisfied or this order is amended."

In mid-2017, defendants moved out of the subject property. Defendants had made rental payments to the Pall parties but were unable to provide proof of any payments. Defendants admitted not paying rent for "a month or two."[3] After defendants moved out, plaintiff paid for repairs and outstanding bills for the subject property totaling to $6,018.42, which included: $163.45 for the past due water bill, $1,500 for the deposit for carpet repair, $1,400 for the final carpet repair, $69.97 to replace a fan in the bedroom, $500 for plumbing service, $385 to service the air conditioning, $2,000 for trash collection. On March 19, 2018, the Pall parties filed an acknowledgment of satisfaction of judgment in *Marefat v. Pall Medical Corporation et al.*

On January 23, 2021, the court in the instant case entered judgment in favor of plaintiff and against defendants.[4] Defendants were ordered to pay $3,939.45 in damages, $1,000 in attorney fees, and $737.14 in costs, for a total of $5,676.59. Plaintiff timely appealed.

---

[3] Plaintiff attempted to introduce Rosenbaum's declaration (marked and identified as Exh. 2) attesting to the amount of rent paid by defendants to the Pall parties. The trial court denied the declaration as inadmissible hearsay (see Evid. Code, § 1271). The denial of this declaration is subject to this appeal, as discussed below.

[4] A statement of decision was not requested by either party.

4

**DISCUSSION**

A. *Rosenbaum Declaration*

Plaintiff contends the trial court abused its discretion in failing to admit the declaration of Mark Rosenbaum (hereafter Rosenbaum declaration) under the business records exception to the hearsay rule. He is mistaken.

Hearsay evidence is "evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated." (Evid. Code, § 1200, subd. (a).) Hearsay evidence is inadmissible unless a legally recognized exception applies. (*Id*. at subd. (b).)

The business records exception to the hearsay rule provides: "Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or event if: [¶] (a) The writing was made in the regular course of a business; [¶] (b) The writing was made at or near the time of the act, condition, or event; [¶] (c) The custodian or other qualified witness testifies to its identity and the mode of its preparation; and [¶] (d) The sources of information and method and time of preparation were such as to indicate its trustworthiness." (Evid. Code, § 1271.)

During trial, plaintiff's counsel requested to admit the Rosenbaum declaration, which attested to the rental payments received by the Pall parties from defendants. In denying the declaration as inadmissible hearsay, the trial court found that the Rosenbaum declaration "purports to be a declaration from a custodian of records, [but] it is not truly a declaration that seeks to authenticate or lay the foundation for admission of business records. Indeed, there are no business records at all attached [to the Rosenbaum declaration]." The court further stated that although the language of the

5

declaration appeared to track the business records exception under Evidence Code section 1271, plaintiff was "not in fact seeking to introduce copies of any business records regularly maintained by the custodian." Rather, plaintiff "seeks to introduce the declaration of the custodian as a substitute for live testimony regarding the amounts of rent that the custodian collected from Defendants."[5]

The trial court's description of the Rosenbaum declaration is accurate, and the court's reasoning is sound. In short, the Rosenbaum declaration did not meet the requirements of the business record exception to the hearsay rule.[6]

---

[5]    The trial court also noted that "[t]his [was] an issue that the court flagged when Plaintiff's counsel presented [his] exhibit binder at the final status conference; the court expressly noted that [the Rosenbaum declaration] did not attach any actual business records, and the declaration itself [was] inadmissible hearsay." The court then "indicated to Plaintiff at the final status conference that Plaintiff would have [to] call the custodian as a witness to testify as [the declaration] [was] inadmissible." Plaintiff elected not to do so.

[6]    Plaintiff contends that because the trial court awarded damages below the unlimited jurisdictional threshold, it should have deemed the case a limited jurisdiction case. As such, according to plaintiff, the court should have applied the rules of evidence that apply to limited jurisdiction, which would have permitted admission of the declaration. However, the trial court is not required "to reclassify an action or proceeding because the judgment to be rendered, as determined at the trial or hearing, is one that might have been rendered in a limited civil case." (See Code Civ. Proc., § 403.040, subd. (e); see also *Ytuarte v. Superior Court* (2005) 129 Cal.App.4th 266, 275 ["a court presiding in unlimited civil actions may enter a judgment that falls within the range of a limited civil action and/or that could have been entered in a limited civil court"].) In any event, even if the case were a limited jurisdiction case, the declaration plaintiff wishes to have admitted, which is basically a description of facts and not an authentication of a record, would be inadmissible hearsay. (See *Midland Funding LLC v. Romero* (2016) 5 Cal.App.5th Supp. 1, 8–9; *Unifund CCR, LLC v. Dear* (2015) 243 Cal.App.4th

B. *Attorney Fees*

Plaintiff contends the trial court abused its discretion when it limited attorney fees to $1,000. We find the issue forfeited because plaintiff has failed to provide an adequate appellate record.

"It is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent. . . .' (Orig. italics.) [Citation.]" (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) In the absence of a proper record on appeal, the judgment is presumed correct and must be affirmed. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.)

The appellate record does not contain the motion for attorney fees. It also does not contain a reporter's transcript of the relevant proceedings or a substitute suitable for appellate review. The record includes only the January 23, 2021 judgment entered by the trial court awarding $1,000 in attorney fees. Thus, it is impossible for this court to review plaintiff's challenge to the attorney fee award. The claim is forfeited.

//

//

//

//

//

//

---

Supp. 1, 6–8; *Sierra Managed Asset Plan, LLC v. Hale* (2015) 240 Cal.App.4th Supp. 1, 7–8.)

7

**DISPOSITION**

The judgment is affirmed.  Plaintiff is to bear his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


MANELLA, P. J.


COLLINS, J.


8